[Crim. No. 2934. Third Dist. Sept. 1, 1959.]

In re GREY EVERETT McNEER, on Habeas Corpus.

*Assigned by Chairman of Judicial Council.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Appellants.

Robert Cole, Public Defender, and Edward M. McDonell, Assistant Public Defender, for Respondent.

VAN DYKE, P. J.—Petitioner, under an information charging murder, was convicted in the Los Angeles County Superior Court of murder of the second degree. Judgment was pronounced against him November 22, 1934. Petitioner appealed, the judgment was reversed, and the cause was remanded for retrial. Petitioner interposed pleas of once in jeopardy and former acquittal as to murder in the first degree. On retrial the court directed the jury to bring in verdicts adverse to petitioner on the special pleas. Petitioner was found guilty of murder in the first degree, and was sentenced to imprisonment for life. He moved for a new trial and when his motion was denied he appealed, asserting in both

proceedings that the court erred in directing verdicts against him on his special pleas, arguing that the court was without jurisdiction to try him for any degree of murder higher than second degree. These contentions were disallowed and the judgment was affirmed. (*People* v. *McNeer*, 14 Cal.App.2d 22 [57 P.2d 1018].) Petitioner applied for a hearing before the Supreme Court and hearing was refused. On July 17, 1958, in the case of *Gomez* v. *Superior Court*, 50 Cal.2d 640 [328 P.2d 976], the Supreme Court ruled that where a person charged with a certain degree of a crime had been convicted on trial of a lesser degree the conviction of the lesser degree was an acquittal of all higher degrees of that crime; that he could not constitutionally again be prosecuted for a higher degree on retrial following a reversal on appeal of conviction of the lower degree because to do so would, as to the higher degree, place him in jeopardy a second time. On learning of this decision petitioner applied to the Superior Court in Sacramento County for a writ of habeas corpus; and, after a hearing, the court granted the writ and ordered petitioner discharged from further custody. The People have appealed.

It appears our courts have consistently held that a conviction of a crime necessarily included in another crime bars a prosecution for that other. Thus, as held in *People* v. *McDaniels*, 137 Cal. 192 [69 P. 1006, 92 Am.St.Rep. 81, 59 L.R.A. 578], a prosecution for battery cannot be followed by prosecution for assault based upon the same acts since an assault is a necessary element of battery and it is impossible to commit battery without assaulting the victim. Conviction of the lesser but included offense was held to be a bar to a prosecution for the greater on the theory that to convict of the greater would be to convict twice of the lesser. It, of course, made no difference as to which offense was first prosecuted. If the defendant was tried first for the lessor offense that prosecution barred the subsequent prosecution for the greater offense. Nevertheless, where a defendant was prosecuted for a major crime, divided into degrees, and was convicted of a lesser degree of that crime, the conviction of the lesser degree was long held not to operate as an acquittal of the greater. The Gomez decision eliminated the distinction between the two situations. Said the Supreme Court at page 653: 

"It is our opinion that there is no sound basis for the distinction heretofore drawn by the courts of this state insofar as lesser included offenses and degree crimes are concerned

and that petitioners here should be considered as having been once in jeopardy...."

It is stated in 14 American Jurisprudence, Courts, section 130, page 345:

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is, not that the former decision is bad law, but that it never was the law ..." (This is also the California rule. *County of Los Angeles* v. *Faus*, 48 Cal.2d 672, 680-681 [312 P.2d 680].)

The application of this rule in the superior court led to the issuance of the writ. Respondent's discharge was based upon section 1484 of the Penal Code which provides:

"... The court or judge must thereupon proceed in a summary way to hear such proof as may be produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require, and have full power and authority to require and compel the attendance of witnesses, by process of subpoena and attachment, and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case."

Appellant contends that retrospective application is to be denied under the related policy rules of *stare decisis* and res judicata. The constitutional mandate is positive, and is a fundamental part of the "Bill of Rights." "No person," says the Constitution, "shall be twice put in jeopardy for the same offense." *Stare decisis* and res judicata must here yield.

Appellant contends further that the Supreme Court could have limited the application of the Gomez decision to prospective matters only, and must be assumed to have done so. We need not here discuss the first premise. Admitting it *arguendo* we still find the Supreme Court did not limit the scope of its decision and must therefore be assumed to have followed the general rule.

From the record here it appears as a matter of law that by the first verdict of guilty of murder of the second degree respondent had been acquitted of murder of the first degree and that compelling him to submit to a trial including that degree of murder was to deny him his constitutional rights. The judgment sentencing respondent to life imprisonment, insofar as it rested upon a conviction of first degree murder, was void as being in excess of jurisdiction on the face of the record.

■ Appellant contends that the trial court, in the performance of its duty to "dispose of such party as the justice of the case may require" (Pen. Code § 1484), ought to have remanded respondent to the Superior Court in Los Angeles County, wherein he was convicted, there to be sentenced to imprisonment for the crime of murder of the second degree.

Respondent was properly tried for murder, but his plea of once in jeopardy and prior acquittal, being good as a matter of law, he could not be properly convicted of murder in the first degree. The error was in receiving a verdict of murder in that degree. The jury should have been instructed that it could not bring in a verdict higher than murder in the second degree. If the instruction had been given, a proper judgment of murder of the second degree would have been entered. But, while the judgment entered was erroneous, we believe that the verdict can be used to support a judgment of murder in the second degree. This is implicit in the statement in *People* v. *Cartwright*, 147 Cal.App.2d 263 [305 P.2d 93], that an appellate court on appeal has authority under sections 1181 and 1260 of the Penal Code to modify a judgment of murder of the first degree by reducing the degree of murder to second degree. If this were an appeal from the judgment this court could correct the judgment by amending it without referring it to the trial court. But this is not an appeal from the judgment. It is an appeal from an order discharging petitioner from custody after a writ of habeas corpus was granted. Only the trial court can correct the judgment. (*In re Rye,* 152 Cal.App.2d 594 [313 P.2d 914].) The interval that has elapsed will not prevent the trial court from imposing a proper judgment. (*In re Levi,* 39 Cal.2d 41 [244 P.2d 403].) If petitioner should again be sentenced to prison his confinement based upon the invalid judgment will be credited upon the new commitment. (*In re Levi, supra*; Pen. Code, § 2900.1.)

The order discharging respondent is reversed. The superior court is directed to enter an order discharging respondent from the custody of the authoriites at Folsom State Prison and committing him to the custody of the sheriff of Los Angeles with directions that he be returned to the superior court in and for that county for pronouncement of judgment in accordance herewith.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.