**Edna Mae BOOKER, Appellant,**

v.

**Miriam B. PHILLIPS, Superintendent, Kansas State Industrial Reformatory for Women, Appellee.**

**No. 132–68.**

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1969.

**425**

Russell Shultz, Wichita, Kan., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan. (Kent Frizzell, Atty. Gen., Topeka, Kan., on the brief), for appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

Edna Mae Booker filed this petition for habeas corpus seeking release from the Kansas State Industrial Farm for Women. The district court, without conducting an evidentiary hearing, denied the writ and dismissed the petition. We are thus faced with the question of whether the court erred in determining that appellant's present conviction was not obtained in violation of that portion of the Fifth Amendment that protects an individual against being twice placed in jeopardy for the same criminal offense.

In March, 1965, the appellant was charged in the district court of Sedgwick County, Kansas, with the first degree murder of her husband. She entered a plea of not guilty and both sides presented evidence to the jury. The jury was then instructed that the charge of first degree murder encompassed the lesser included offenses of second degree mur-

der and first, third and fourth degree manslaughter.[1] After deliberation, the jury found appellant guilty of first degree manslaughter. On appeal it was determined that an instruction relating to the carrying of a concealed weapon was erroneous and the conviction was reversed. State v. Booker, 197 Kan. 13, 415 P.2d 411 (1966).

On remand the appellant was again charged with first degree murder. However, before the second trial began, the defense of double jeopardy was raised based on the contention that appellant could not be reprosecuted for any degree of homicide greater than first degree manslaughter. The objection was overruled, appellant was once more tried for first degree murder, and was again convicted of first degree manslaughter. In a second appeal to the Kansas Supreme Court, the double jeopardy defense was rejected and the sentence which appellant is presently serving was approved. State v. Booker, 200 Kan. 166, 434 P.2d 801 (1967).

Subsequent to this decision of the Kansas Supreme Court and the decision of the district court in this case, the Supreme Court held in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) that the Fifth Amendment guarantee against double jeopardy applies to the states through the Fourteenth Amendment. Justifiably, those two distinguished courts relied upon the law as enunciated by Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, and the line of cases following, but which cases are now overruled by the Benton case. Accordingly, it is now clear that the validity of appellant's conviction must be judged under the federal double

1. The jury was instructed as follows:
   "The information in this case charges the defendant with murder in the first degree. This charge includes not only murder in the first degree but murder in the second degree, manslaughter in the first degree, manslaughter in the third degree and manslaughter in the fourth degree.
   "You should therefore, first determine whether, under the evidence and instruc-

tions of the court, the defendant is guilty of murder in the first degree. If the defendant is not * * * you should proceed to determine whether she is guilty of murder in the second degree. * * * [If the defendant is not guilty of second degree murder] you should then consider whether or not she has been proved to be guilty of manslaughter in the first degree * * *."

426

jeopardy standards enunciated *inter alia*, in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).[2] That case invalidated a conviction for first degree murder obtained in a retrial after a previous conviction for second degree murder had been reversed on appeal. The Court observed: "[T]his second trial for first degree murder placed Green in jeopardy twice for the same offense in violation of the Constitution. Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. * * * Therefore * * * Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense." 355 U.S. at 190–191, 78 S.Ct. at 225.

■ Similarly, in the case at bar, appellant was forced to run the gantlet for first and second degree murder at the first trial and could not thereafter be required to run the gantlet again. Consequently, the second trial for first degree murder after a previous conviction for manslaughter had been reversed, was in direct violation of the Fifth Amendment and cannot stand.

The fact that unlike the situation in Green v. United States, the appellant here has not been convicted of a greater offense at the second trial is of no consequence. In United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965) the then Circuit Judge Marshall squarely faced this issue and concluded

that a defendant convicted of second degree murder, retried for first degree murder, and again convicted of second degree murder, had been twice placed in jeopardy. The reasoning underlying that conclusion is aptly stated in that opinion and need not be repeated here, except perhaps to note that it is not the conviction of the greater offense but the reprosecution for the offense that is repugnant to the Constitution. Stated conversely, it is not important that the defendant may have successfully run the gantlet for a second time; what is critical is that he should not have been required to run again at all. "[T]he State was constitutionally forbidden to prosecute him for first degree murder following the completion of the first trial." 348 F.2d at 864.

There remains for consideration the question of whether the holding in Benton should be denied retroactive effect. "We * * * must resolve the problem with full recognition that only the Supreme Court can give the final answer." Gaitan v. United States, 317 F.2d 494, 497 (10th Cir. 1963).[3]

Since Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Supreme Court has reviewed the retroactivity of decisions expounding new constitutional rules affecting criminal trials as a function of three criteria: (1) the purpose to be served by the new standards, (2) the extent of the reliance by law enforcement authorities on the old standards, and (3) the effect on the administration of justice of a retroactive application of the new standards.[4]

2. As the Court indicated in Benton: "The validity of petitioner's larceny conviction must be judged * * * under this Court's interpretations of the Fifth Amendment double jeopardy provision." 395 U.S. at 796, 89 S.Ct. at 2063.

3. In a clearly analogous situation an interpretation of a double jeopardy has been held to apply retrospectively. Application of McNeer, 173 Cal.App.2d 530, 343 P.2d 304 (1959). But *cf.* United States ex rel. Wolak v. Yeager, 385 F.2d 478 (3d Cir. 1967).

4. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030 (1969); DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968); Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); See generally, Annot., 10 A.L.R.3d 1371 (1966) and Annot., 14 L.Ed.2d 992 (1966).

"Foremost among these factors is the purpose to be served by the new constitutional rule." Desist v. United States, 394 U.S. 244 at 249, 89 S.Ct. 1030, at 1033, 22 L.Ed.2d 248.

The purpose of the rule announced in Benton, "one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possbility that even though innocent he may be found guilty." [5] It is precisely this effect that " 'went to the basis of fair hearing and trial because the procedural apparatus never assured * * * a fair determination' of his guilt or innocence." Roberts v. Russell, 392 U.S at 294, 88. S.Ct. at 1922.

The extent of reliance by law enforcement officials and the effect on the administration of justice—the second and third factors to be considered—also suggest that Benton should be given retroactive effect.[6] The element of reliance is not persuasive because the case overruled by Benton, Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937), has been under serious attack and has been rejected by several courts.[7]

In sum, we conclude that Benton is to be given retroactive effect so as to require the application of federal double jeopardy standards to previous state criminal convictions. It follows then as stated above, that appellant's reprosecution for first and second degree murder was constitutionally invalid.

The order denying the petition for habeas corpus is reversed with instructions that the writ be granted unless, within a reasonable time, Kansas affords appellant a new trial that conforms to the principles set forth herein.

---

5. Benton v. Maryland, 395 U.S. at 796, 89 S.Ct. at 2063, quoting Green v. United States, 355 U.S. at 187–188, 78 S.Ct. 221.

6. *Cf.* Roberts v. Russell, 392 U.S. at 295, 88 S.Ct. 1921.

7. United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965) cert. den. Mancusi v. Hetenyi, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667; Patton v. No. Carolina, 381 F.2d 636 (4th Cir. 1967); Shear v. Boles, 263 F.Supp. 855, 859 (N.D.W.Va. 1967).