QUESTIONS: 1. Should the Florida Parole and Probation Commission issue amended orders of revocation in all cases where the original order specified the revocation to be effective at some future date? 2. Should the commission, in the setting of a parole expiration date, be concerned with the sentence structure of inmates serving sentences where the trial court was silent as to the concurrency or consecutiveness of the sentences? 3. If question 2 is answered in the affirmative, in what way should the commission treat such sentences if the Department of Offender Rehabilitation has not reflected a sentence structure consistent with s. 921.16, F. S.? 4. Should the Benyard resolution of the conflict between s. 921.16, F. S., and Rule 3.722, Florida Rules of Criminal Procedure, be given retroactive application?
SUMMARY: In the light of Benyard v. Wainwright, 322 So.2d 473
(Fla. 1975), giving retroactive application to Brumit v. Wainwright, 290 So.2d 39 (Fla. 1974), the Florida Parole and Probation Commission should issue amended orders of revocation in all cases where the original order specified the revocation to be effective at some future date. The commission should not be concerned with the sentence structure of inmates serving sentences where the trial court was silent as to the concurrency or consecutiveness of the sentences. The decision in Benyard v. Wainwright, supra, invalidating Rule 3.722, CrPR, should not be viewed by the commission as having retroactive application in its determination of parole expiration dates. STATEMENT OF FACTS: The questions you present are properly brought into focus by the conflict between s. 921.16, F. S. 1973, and Rule 3.722, Florida Rules of Criminal Procedure, adopted February 1, 1973. This conflict was resolved by the Florida Supreme Court in Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975), as follows: We recognize direct conflict exists between Rule of Criminal Procedure 3.722, adopted February 1, 1973, and Section 921.16, Florida Statutes (1973). Our Rule of Criminal Procedure 3.722 directs that sentences are concurrent unless affirmatively designated as consecutive by the sentencing court. In our opinion, the statute must prevail over our rule because the subject is substantive law. AS TO QUESTION 1: This question is answered in the affirmative. In the light of Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975), giving retroactive application to Brumit v. Wainwright,290 So.2d 39 (Fla. 1974), you should issue amended orders of revocation in all cases where the original order specified the revocation to be effective at some future date. This will aid the Department of Offender Rehabilitation in determining that no inmate has been denied proper credit for each day spent in jail subsequent to his initial conviction and sentence. It is appreciated that the volume of such amended or corrected orders could be enormous. By way of suggestion, it would seem both proper and practical for the commission to amend or correct its revocation orders in a manner similar to the method used in the granting of a parole. In that instance, while the commission enters an order bearing a majority of signatures, the order simply requires the director to issue a certificate of parole in keeping with the terms of the order. I see no reason why the commission should not consider a similar procedure for the issuance of its amended or corrected orders of revocation. AS TO QUESTION 2: This question is answered in the negative. This is so because to do otherwise would assume a retroactive application of the Benyard resolution of the conflict between s. 921.16, F. S., and Rule 3.722, Florida Rules of Criminal Procedure. In my opinion, to do so at this time would be unwarranted. AS TO QUESTION 3: Since question 2 was answered in the negative, this question does not require an answer. AS TO QUESTION 4: This question is answered in the negative. Generally speaking, changes in the law, whether substantive or procedural, usually may be accorded prospective application only. This would be particularly true in a criminal case when the retroactive effect of a decision would cause a defendant to lose a vested right previously lawfully acquired. Application of McNeer,343 P.2d 304 (Cal.App. 3 1959); and State v. Longino, 67 So. 902
(Miss. 1915). While I am aware of legal precedents holding that the constitutional prohibition against ex post facto laws is directed against legislative action only and does not reach erroneous or inconsistent decisions by courts, Frank v. Mangrum,237 U.S. 309, 344 (1915), I cannot escape the conclusion that to give Benyard a retroactive application would come within the spirit of the constitutional prohibition. This thought is buttressed by the fact that the court said nothing to indicate that its decision should be given retroactive application nor was it constitutionally compelled to do so. Wainwright v. Stone,414 U.S. 21 (1973). I consider this to be of controlling importance. The decision in Benyard invalidating Rule 3.722, supra, had the effect of breathing new life into s. 921.16, supra. In the absence of a clear indication to the contrary, I am convinced that the statute should not be given a retroactive application because to do so might render it unconstitutional. In re Seven Barrels of Wine, 83 So. 627 (Fla. 1920). Cf. United States v. Henson,486 F.2d 1292 (D.C. Cir. 1973); and United States v. B H Dist. Corp., 375 F. Supp. 136 (D.C. Wis. 1974). It is believed that the court's silence on this point is a tacit recognition of the constitutional impediment involved. In my opinion, the decisions of the Florida Supreme Court construing statutes and rules are as much a part of the law of this state as legislative enactments. Statutory or judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct, and such circumstances underpin the modern decisions recognizing a doctrine of nonretroactivity. Lemon v. Kurtzman, 411 U.S. 192 (1973). The definition of an ex post facto law generally accepted in this country is stated in Higginbotham v. State, 101 So. 233, 235 (Fla. 1924), as follows: One which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences alters the situation of a party to his disadvantage. I think it is reasonable to say that an inmate has an interest in the concurrent sentences he is now serving. Thus, to deprive him of this right or interest by making his concurrent sentences to run consecutively would increase his punishment and unmistakably alter the situation to his disadvantage. In this context, I do not use the term "right or interest" in a narrow or technical sense but rather as implying a vested interest which it is right and equitable that the government should recognize and protect and of which the individual could not be deprived arbitrarily without injustice. Board of Com'rs of Everglades Drainage Dist. v. Forbes Pioneer Boat Line, 86 So. 199 (Fla. 1920), reversed on other grounds258 U.S. 338. I cannot believe the court intended that such an untoward result flow from its decision in Benyard. Therefore, in your determination of parole expiration dates, you should not view Benyard's resolution of the statute-rule conflict as being retroactive. This issue is properly one for the court, and you should await its decision rather than assume that Benyard is to be applied retroactively, an assumption for which I can find no support in the opinion of the court.