PER CURIAM.
On petition of Henry B. Duchein, Jr., the petitioner, alleging that he was deprived of the right of trial by jury and the assistance of counsel in certain prosecutions brought against him and described hereinafter, this court granted writ of habeas corpus and requested return thereto by the attorney general.
The return shows that on April IS, 1957, petitioner was informed against in the Criminal Court of Record, Hillsborough County, the first count of which charged petitioner with entering without breaking with intent to commit grand larceny and the second count charged petitioner with grand larceny.
The return further shows that on February 27, 1959, a second information was filed in the Criminal Court of Record, Hills-borough County, the first count of which charged petitioner with breaking and entering with intent to commit petit larceny and the second count of which charged petitioner with petit larceny. A copy of the information in each case is made part of the return.
As to the 1957 information, the return shows that petitioner with his counsel, Tai-tón Branch, appeared in the Criminal Court of Record, Hillsborough County, and upon arraignment entered a plea of guilty as charged in the said information and on said date the court adjudged petitioner to be guilty as charged in the information, all of which appears in the minutes of said court, copy of which is attached to and part of the return.
The return further shows that on June 3, 1957, the court sentenced petitioner to serve three years in the state prison under the first count of said information with “credit for time in jail since April 12, 1957,” which sentence is also shown by the return.
The return further shows that petitioner was represented by counsel, that he was not denied a jury trial but that since he entered a voluntary plea of guilty, a jury was not necessary to try his case because he waived the right to trial by jury. The return also shows that petitioner’s parents were actually in court at the time he entered his plea of guilty; that petitioner’s father stated in open court that he understood what the charge was against petitioner and that he had advised him to plead guilty “if he done it.” All of which is shown by the return.
The return further shows that on July 17, 1958, petitioner was released from respondent’s custody under a parole granted by the Florida Parole Commission, copy of *98 which is attached to and made part of the return.
As to the second or 1959 information, the return shows that on March 2, 1959, petitioner was arraigned and entered a plea of guilty as charged and was thereupon adjudged to be guilty as shown by certified copy of the court minutes made a part of the return. The return further shows that when petitioner was arraigned and entered plea to the 1959 information No. 49560, as when he was arraigned in the 1957 case No. 49561, he appeared in open court accompanied by his father and stated that he was pleading guilty because he was actually guilty as charged in the information, all of which appears from transcript of court reporter and made part of the return.
Respondent says that it is not true that petitioner was denied counsel in the 1959 case (No. 49560) or that petitioner was refused the right of trial by jury in said case. As to the 1959 information, it is shown that on June 1, 1959, the court sentenced petitioner to serve a term of three years in the state prison under the first count of said information “with credit time since February 20, 1959.”
The return shows that on July 13, 1959, while petitioner was serving said 1959 sentence, the Florida Parole Commission entered an order revoking the said parole, effective on the expiration of said sentence. When petitioner finishes serving said sentence, the revocation of his parole will become effective and he will then commence to serve the remainder of his 1957 three year sentence, the part that he had not served when he was released on parole. Respondent admits that petitioner is not allowed credit on the 1957 sentence for the time thereon spent at large in violation of his parole as per § 947.21, Florida Statutes, F.S.A. Copy of said responses are attached to and made part of the return.
Respondent denies each and every of the allegations of the petition not hereinbefore answered and alleges that he holds petitioner under a lawful commitment issued to enforce the sentences promulgated herein.
We have examined the petition, the return to the writ of habeas corpus and find the allegations in the return therein to be true and that petitioner is held under a lawful trial and commitment.
The writ is accordingly discharged and the petitioner is remanded.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS and DREW, JJ., concur.