195 So.2d 562 (1967)
Morris Morgan FALAGAN, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 35390.
Supreme Court of Florida.
February 22, 1967.
Morris Morgan Falagan, in pro. per.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
PER CURIAM.
The petitioner, Falagan, seeks release from the State Prison by petition for habeas corpus.
The relevant facts are taken from the petition and return which was filed pursuant to the writ which we issued.
On July 12, 1961, the Orange County Criminal Court of Record sentenced Falagan to a term of from six months to five years. He was confined under Commitment No. 003950. While serving this sentence he escaped on August 29, 1962. Following his capture he received a one year sentence numbered A003950 from Madison County. On February 18, 1964, following another escape, Falagan was convicted of the crime of escape by the Leon County Circuit Court. He received a one year consecutive sentence, No. B003950. On August 3, 1964, Madison sentence No. A003950 was vacated and a new trial was ordered. Pending trial he again escaped. The retrial was nolle prossed but on October 16, 1964, Falagan was again convicted of escape and sentenced by the Madison County Circuit Court to a three year consecutive sentence, No. C003950. Then, on February 24, 1965, the original Orange County sentence No. 003950 was vacated. *563 At this time, the Leon County escape sentence was automatically deemed to have begun on February 18, 1964, the date it was imposed. See Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (1943). This escape sentence expired on January 2, 1965, at which time the Madison County escape sentence was computed to have begun. Falagan was retried under the original Orange County information on February 24, 1965. He was convicted and sentenced by the Orange County Criminal Court of Record to a consecutive term of "six (6) months to five (5) years, less time previously spent in the State Penitentiary since 7/12/61." The commitment number was D003950.
It is the wording of this second Orange County sentence that presents the question now to be decided. The state contends that the sentence allows credit only for time spent in the State Penitentiary under the first Orange County sentence. This would allow credit for the time served between July 12, 1961, and February 18, 1964, the date from which the Leon County escape sentence was computed. Falagan argues that he is entitled to credit for all time spent in the State Penitentiary between July 12, 1961, and February 24, 1965, the date the second Orange County sentence was imposed. The basic argument of the State is that the trial judge probably intended to allow credit only for time served under the original Orange County sentence. This may be what he meant, but he also may have meant what he said. The sentence appears to us to be unequivocal. Where the language of a sentence is clear we have no power to change it by speculating that the trial judge meant something else.
We hold, therefore, that Falagan's second Orange County sentence, commitment No. D003950, was for a term of six months to five years, less all time spent in the State Penitentiary between July 12, 1961, and February 24, 1965.
The petitioner is remanded to the custody of the respondent, with directions to calculate his sentence in accordance with this opinion.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW and O'CONNELL, JJ., concur.