DEKLE, Justice.
This cause is an original proceeding in mandamus which seeks to have respondent, Director of the Division of Adult Correction, recalculate petitioner’s prison release date. Fla. Const, art. V, § 4(2), F.S.A. We issued an alternative writ and respondent filed a return.
The petition for mandamus presents two separate issues: (1) whether petitioner should receive credit for time spent in confinement prior to his sentence on charges of breaking and entering, and (2) whether time served in jail following his escape from prison counts toward his total sentence time.
We must resolve the first issue against the petitioner. His allegation that the trial judge granted him credit for time spent in the county jail prior to his sentence is without merit. Since the judge’s sentence order does not mention a credit, we cannot allow one. Even if the trial judge intended to permit a credit, we are bound by the unequivocal wording of the sentence order.[1] In another similar situation,[2] this Court said:
“Where the language of a sentence is clear we have no power to change it by speculating that the trial judge meant something else.”
Our determination of the second issue requires the respondent to recompute petitioner’s release date. A few days after petitioner’s escape from a Division of Correction’s road prison in Broward County, the Sarasota Police Department captured him. Subsequently, petitioner was remanded to the Broward County Sheriff’s Office and charged with escape. During the escape prosecution and other relevant intervening hearings, petitioner served in the Broward County Jail. At the conclusion of those proceedings, the Court of Record in Broward County withheld adjudication on the escape charge and returned him to the penitentiary. Since petitioner had escaped, respondent recalculated his release date. This computation did not award a credit for the 576 days petitioner spent in jail in Sarasota and Broward Counties. In so ruling, respondent said petitioner’s imprisonment time outside the Division of Corrections’ custody does not count toward his sentence.
Shortly after the petitioner’s capture, he became subject to the jurisdiction of the 17th Judicial Circuit. Therefore, a question concerning his jail time between his capture and return to prison is a Judicial matter, not an Executive one. He was being held in such a situation awaiting court action.
Our determination demands a close analysis of the record involved. If the trial judge, in the escape proceeding, had entered an adjudication of guilt and sentenced petitioner, an examination of the sentence order would be dispositive, as determined above on the first issue. Even *5 if the order did not mention a credit, such silence is tantamount to a denial of same.[3] However, in this cause, the trial judge withheld adjudication and necessarily did not impose a sentence so that there is no controlling order. Since there is nothing in the record to indicate that the trial judge reached the question of whether time spent in jail awaiting the escape trial counts toward the original sentence, this issue remains unsettled.
We hold that as a matter of law the petitioner in these circumstances is entitled to credit for this time served while awaiting the court’s action. In doing so we reaffirm the principle that a “ . convict has a right to pay his debt to society by one continuous period of imprisonment.” [4] Now, if a prisoner consents or acquiesces to release from custody prior to the expiration of his sentence, the sentence will he interrupted. State v. Horne, 52 Fla. 125, 42 So. 388 (1906); and Terrell v. Wiggins, 55 Fla. 596, 46 So. 727 (1908). It therefore follows that Petitioner’s escape constitutes an interruption of sentence. The next question is: When does the interruption end'? Is it upon his return to the control of state prison authorities or when the escapee is captured and confined? We hold that the interruption stops when incarceration resumes. This is consistent with above principle enunciated in State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941).
Horne and Wiggins permitted an interruption of sentence, but during the entire interval the prisoners were at liberty, not imprisoned. In our situation, petitioner has been confined in jail for 576 days. Such time in confinement is not a continuation of the interruption; it is a continuation of sentence.
The conclusion in State ex rel. Sitamore v. Kelly, 94 So.2d 726 (Fla.1957), reaches the same result. There a convict, while serving a one-year sentence, was transferred and spent time in another county jail awaiting his trial on a different charge. Mr. Justice Roberts (now Chief Justice) discussed the question of credit for time served and concluded that the prisoner’s time in another county jail counted toward his original sentence.
Accordingly, the petition for writ of mandamus is denied in part; and granted in part. The Clerk of this Court is directed to issue the peremptory writ of mandamus requiring the respondent to reduce petitioner’s tentative release date by 576 days.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and ADKINS, JJ., concur.

. Roy v. State, 207 So.2d 52 (Fla.App. 2nd 1968), cert. dismissed, 211 So.2d 554 (Fla.1968). Although inapplicable here, Fla.Stat. § 921.161(1), F.S.A., would allow a credit in a subsequent order within the same term.

. Falagan v. Wainwright, 195 So.2d 562 (Fla.1967).

. See footnotes 1 and 2.

. State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941).