275 So.2d 235 (1973)
Joey ADAMS, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. 43077.
Supreme Court of Florida.
March 28, 1973.
*236 Joey Adams, in pro per.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
This cause is an original proceeding in mandamus[1] wherein we issued the alternative writ and a response thereto has been filed.
The first issue for determination is whether time spent in a county jail by petitioner prior to the completion of his trial for escape from state prison counts toward his original state prison sentence. We hold that it does.
Petitioner had been transferred from the state prison at Raiford to the Jacksonville Community Correctional Center on a "work-furlough" program there. He "left and went home" on September 17, 1971, and was thereafter "picked up" by Duval County officers on November 9, 1971, and charged with escape.
Our recent opinion in Law v. Wainwright, 264 So.2d 3 (Fla. 1972), permitted a credit for pre-sentence time served in a strikingly similar situation. There is a factual difference between the cases. Herein, a trial judge in the Duval County Criminal Court of Record found petitioner guilty of escape and gave him a six-month county jail sentence to commence upon completion of his state prison term. This escape sentence did not mention a credit for jail time incurred pending the escape trial.[2] On the other hand, the trial judge in Law withheld adjudication on the escape charge and accordingly did not enter a sentence order. In that situation we said we were not bound by the rule enunciated in Falagan v. Wainwright, 195 So.2d 562 (Fla. 1967), that if a sentence order is issued, and the language of the sentence is clear and unequivocal, then we are not permitted to speculate and reach a different meaning. Sub judice, a sentence order was entered and did not give any jail time credit. Such an order would appear under the Falagan Rule to be clear, so that we could not substitute our judgment to allow credit against his state prison term for the time petitioner spent in jail pending his escape trial.[3] However, upon analysis a basic distinction arises as to time served in these circumstances, and we must modify Falagan and Law accordingly.
The present case is an overriding exception to the statute (§ 921.161(1)). The existing, uncompleted prison term traveled with the escaped prisoner. The moment he was detained, that sentence by operation of law resumed. As the expression goes, "Everybody's got to be some place!" Resumption of an existing sentence does not abide a return to Raiford State Prison. There is no magic in the place a sentence is served. Were the prisoner captured outside Raiford's gates, his return inside the same walls would have allowed his initial sentence to continue from that moment. His capture and temporary confinement in a distant county jail *237 cannot justify a distinction. The walls of any prison look the same to the confined. He should not be required to serve one day beyond his sentence, in whatever confinement. He is required to pay only one debt to society, and that without interest.
As Justice Joseph A. Boyd, Jr., has so aptly said: "From the inside all jails look alike."[4]
In the circumstances before us, the continuing state prison sentence preempts the option of the statute. The existing sentence resumes upon incarceration at capture, leaving the trial court no option under the statute as to credit for time awaiting trial. A captured escapee awaiting trial for the intervening escape is not in a position for bond, for he immediately resumes serving his original prison term. He is therefore "locked in"  both literally and figuratively. The credit (to be applied to the pending sentence) is automatic in that the time awaiting an escape trial is a mandatory continuation of his original sentence as a matter of law. There would be no difference in an escape which interrupted a county jail sentence. Accordingly, petitioner is due credit for time served in county jail between capture and completion of the escape trial.
The next question concerns the 82 days petitioner spent in the Duval County Jail after the entry of his escape sentence on January 19, 1972, and preceding his return to the custody of the Division of Corrections, respondent herein, on April 10, 1972. Frankly, we did not understand the reason for this delay in returning him to the prison authorities, except that there was a possible mistaken retention of petitioner to begin serving his six months county jail sentence immediately. Nonetheless, those 82 days must be credited to petitioner's original state prison sentence which cannot be thus interrupted or deferred. See Sterns v. Wainwright, 195 So.2d 860 (Fla. 1967), wherein we said: "So long as any ... former sentence was in effect the escape sentence was not being served." He was therefore, at that point after his escape trial, serving on his original sentence, to which such time must be credited.
In the respects herein set forth the Falagan Rule and our recent holding in Law are hereby modified to conform to our holding herein.
We have been advised by respondent that petitioner's tentative release date is June 13, 1973. In view of our decision here to have the release date recalculated, respondent must forthwith recompute petitioner's tentative release date in accordance with this opinion. Furthermore, due to the time factor involved and the fact that this Court has thoroughly and completely considered this cause, the privilege of filing petitions for rehearing is dispensed with and the mandate shall be released immediately.
Accordingly, the peremptory writ of mandamus is granted. Respondent is directed forthwith to give petitioner credits 1) for the time served in the Duval County Jail from capture until judgment in his escape trial, and 2) for the 82 days he served in the county jail subsequent to the entry of his six-months sentence for escape, and forthwith (or upon completion of such prison sentence if further time thereon remains after such credits are granted) the respondent shall immediately return petitioner to the authorities at the Duval County Jail to serve his six-months sentence for escape, less credit for any excess *238 time served at Raiford beyond his time of discharge due to these proceedings, if any.[5]
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Fla. Const. art. V, § 3(b)(5) (1973), F.S.A.
[2] See Fla. Stat. § 921.161(1).
[3] If a defendant should have mandatory credit in all situations, as perhaps he should, for jail time awaiting trial, then the statute should be amended to provide for it. Fla. Stat. § 921.161(1).
[4] State ex rel. Argersinger v. Hamlin (dissent, joined by Ervin, C.J. and Adkins, J.), 236 So.2d 442, 444 (Fla. 1970), in which Justice Boyd was proved right by the U.S. Supreme Court in its reversal of that case at 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (extending right to counsel for indigents to misdemeanor cases).
[5] Note subsequent enactment of H.B. 693 (S.B. 316), 1973, amending Fla. Stat. § 921.161(1), F.S.A., conforming to suggestion in Note 3, supra.