290 So.2d 39 (1973)
Martin Ellis BRUMIT, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 44202.
Supreme Court of Florida.
November 28, 1973.
On Rehearing February 13, 1974.
*40 Martin Ellis Brumit, in pro per.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
Petitioning prisoner by mandamus seeks recalculation of his release date. He was originally convicted of armed robbery on November 17, 1960, and sentenced to a term of 20 years. He was paroled on July 7, 1964, and during parole was arrested on August 26, 1965, and was convicted of possession of a firearm by a convicted felon on October 1, 1965, and sentenced to a term of three years which he proceeded to serve.
On October 17, 1967, the original 20-year-sentence was vacated and a new trial ordered. On July 24, 1968, petitioner was reconvicted on the original armed robbery charge and a life sentence was imposed, the court granting credit for time served on the previous robbery sentence. No mention was made of the intervening three year firearms sentence served.
On March 9, 1973, the trial court issued an order correcting the life sentence, finding it illegal, in that it exceeded the original sentence and the record did not show any reason for the longer sentence; it was accordingly modified to 20 years, "with credit for all time served and any unforfeited gain time."
Petitioner contends that he is entitled to credit on his robbery sentence for the three years served under the firearms possession charge, emphasizing that the order states "credit for all time served." Respondent (State) contends that he is not entitled to credit for time served under the three-year-sentence in that:
(1) the sentencing judge did not intend to give credit for this time, but rather to give credit only for time previously served on the void conviction;

*41 (2) even if the judge intended to give credit for all time served, CrPR 3.800 [33 F.S.A.] prevents the trial judge from modifying the portion of the previous order stating what credit is to be given; and
(3) our decisions in Law v. Wainwright, 264 So.2d 3 (Fla. 1972), and Adams v. Wainwright, 275 So.2d 235 (Fla. 1973), are not controlling here, because those cases dealt with escaped prisoners, whereas the petitioner was out on parole when convicted of the firearms possession charge.
It should be noted that revocation of petitioner's parole from the robbery sentence was expressly made effective upon expiration of his sentence for firearms possession.
The issue presented is:
Whether petitioner is entitled to a recalculation of his release date in which he should be given credit upon his current robbery sentence for the time served under the intervening conviction for possession of firearms by a convicted felon?
We think such credit should be given. Falagan v. Wainwright, 195 So.2d 562 (Fla. 1967), is dispositive of the State's first contention. In that case, a prisoner serving a sentence which began on July 12, 1961, escaped, receiving an additional sentence therefor. He was then retried on the original charge, and this sentence included the phrase "less time previously spent in the state penitentiary since 7/12/61". The State argued that the sentencing judge intended to allow credit only for time served on the original sentence, but we rejected this contention, stating:
"This may be what he meant, but he also may have meant what he said. The sentence appears to us to be unequivocal. Where the language of a sentence is clear we have no power to change it by speculating that the trial judge meant something else."
We determined that the prisoner was entitled to credit for all time spent in the penitentiary since July 12, 1961.
In the present case, the order correcting sentence specifies "with credit for all time served," which would seem to include time served on the firearms possession charge, consistent with Falagan.
The State's second contention is that CrPR 3.800(b) limits the time in which a trial court may correct a sentence to 60 days after its imposition unless the sentence is illegal, and that since the portion of the later vacated life sentence giving credit was not illegal, that portion could not be modified after 60 days. The State apparently concedes that the prior life sentence of July 25, 1968, was illegal, (hence properly corrected at any time under CrPR 3.800(a)) but wishes to sever from the illegal life sentence the portion granting credit for time served. Such a distinction seems rather tenuous; the basic sentence being dead, it follows that a part thereof can not survive. Thus, the trial court acted correctly in modifying both the sentence and the credit allowed under CrPR 3.800(a).
Thirdly, respondent's contention that Law and Adams do not apply is incorrect. They are not really essential to our holding, since both of those cases dealt with the necessity of granting credit for time actually spent in jail, and we have settled that issue here in finding that the petitioner is factually entitled to such credit. Nonetheless, we feel constrained in view of the question being raised, to discuss the proper application of the principles upon which the Law and Adams decisions rested in order to avoid unnecessary confusion in this area.
Although Law and Adams involved prisoners who escaped while serving their sentences, were recaptured and sentenced to additional terms for the escape charge, *42 it does not follow that the precedent of these holdings is limited to escape cases. In Law we stated that the prisoner was entitled to credit on his original sentence for time spent in jail awaiting his trial on the escape charge, on the basis that the interruption of his sentence ended upon his recapture, it being irrelevant what jail he was incarcerated in; the time he spent in confinement, we said, was not a continuation of the interruption of his sentence, but a continuation of his sentence. Although we specifically noted that the trial judge had withheld sentencing, and thus had not ruled as to whether the prisoner was entitled to credit for the time served while awaiting trial, our decision in Adams precludes any contention that this fact is determinative. In Adams, the trial judge passed sentence without mentioning credit for jail time, thus in effect refusing to grant such credit. Nonetheless, we held that the prisoner was entitled to credit for the time so served, on the basis that the prisoner's return to jail constituted a return to custody and automatically re-started the serving of the original sentence. As we noted there, the walls of any prison look the same to the confined, and it makes no difference in what penal institution the sentence is served.
In the present case, petitioner was on parole at the time he was tried and convicted of the firearms possession charge. The revocation of his parole was expressly made effective as of the completion of the sentence for that offense. Since time spent on parole is forfeited by the prisoner if parole is revoked,[1] petitioner in this case is faced with serving his sentence for possession of firearms (while technically on parole), then having his parole time forfeited and being required to serve the balance of his prior armed robbery sentence. This "split sentence" results from the fact that the parole revocation is to be effective only upon completion of the firearms possession sentence.
The effect of making the revocation of parole effective as of this later date is to place the petitioner in jail while simultaneously saying that he is still out on parole. But in our system of justice a man cannot be both in jail and out on parole at the same time; he is either in or out. There are no "free" men in jail. As we said in Adams, "Everybody's got to be some place!" Petitioner is entitled to pay his debt to society only one time, and that without interest; he has a right to serve his sentence at one stretch, not in bits and pieces.[2]
We recognize that our courts have previously approved of parole revocations effective upon the expiration of sentence for an unrelated offense in such cases as Simmons v. State, 217 So.2d 343 (Fla. App.2d 1969); Duchein v. Cochran, 127 So.2d 97 (Fla. 1961), and Johnson v. State, 185 So.2d 466 (Fla. 1966). We have reconsidered the rule of those cases in light of our decisions in Law and Adams, and we today overrule those cases to the extent that they allow parole revocation to be made effective upon the completion of a sentence imposed for an offense while the prisoner was on parole, or to be made effective in futuro upon similar future occurrence or condition. We also overrule all other cases to like effect.
We therefore hold that the revocation of parole was effective as of the date upon which the revocation order was entered (November 15, 1965), and that petitioner, even prior to such formal revocation was, upon his earlier confinement of August 26, 1965, thereupon immediately recommencing the serving of his sentence for armed robbery. The firearms sentence must follow the termination of the earlier sentence.
Accordingly, the peremptory writ of mandamus is granted. Respondent is directed *43 forthwith to give petitioner credit on the robbery sentence as follows:
(1) for all time served on either the robbery or the firearms possession charge and for confinement from August 26, 1965, until sentenced on the firearms conviction, all prior to March 9, 1973;
(2) for all unforfeited gain time accrued prior to March 9, 1973; and
(3) for time served and any unforfeited gain time on the armed robbery sentence since March 9, 1973.
For purposes of making these computations, petitioner shall be considered to have been serving his sentence for armed robbery, rather than for possession of a firearm by a convicted felon, subsequent to the revocation of parole on November 15, 1965, and during the prior confinement since August 26, 1965.
Petitioner shall, upon completion of, or parole, or pardon from, the initial prison sentence for robbery, after the credits herein set forth are granted, then commence serving his three-year sentence for possession of a firearm by a convicted felon, unless paroled or pardoned therefrom, less credit for any excess time which may have been served on his conviction for armed robbery beyond his time of discharge due to these proceedings, if any.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.

ON REHEARING GRANTED
DEKLE, Justice.
Both petitioner and respondent have requested rehearing in this cause. Petitioner Brumit directs our attention to the fact that he has completed serving his three-year sentence for possession of firearms by a convicted felon, which sentence we had directed he serve upon completion of his 20-year term for robbery; he contends that we thus require him to serve this sentence twice.
Our record did not previously reflect the particular action of the trial judge upon the occurrence of the second, firearms conviction. We now learn for the first time that in an Order Granting a New Trial With Directions in paragraphs 3 and 4, the Respondent Director was ordered to hold petitioner to answer first to the firearms charge and not to return petitioner for new trial on the robbery offense until "the further order of the 12th Judicial Circuit of Manatee County." Only upon completion of that 3-year sentence which was thereby forced by the trial court order, was the required new trial on the earlier robbery, to be granted to petitioner, and he was thereby compelled by court order to proceed to serve the 3-year firearm sentence first. This resulted in two things:
(1) a result contrary to our present holding requiring that first sentences be served first, consistent with our prior holdings in Law v. Wainwright, 264 So.2d 3 (Fla. 1972), and Adams v. Wainwright, 275 So.2d 235 (Fla. 1973), related to this question;
(2) an actual serving of the 3-year sentence by petitioner.
In other words, the trial court's specific order interdicted the normal course of the completion of one sentence before beginning to serve another subsequent one. State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941). The particular trial court action here compels a different result, for this case only, than in our basic holding. We do not recede from the basic rule as announced in our opinion herein. The exception to that rule hereby recognized was made necessary by virtue of the trial court order that petitioner complete his 3-year sentence on the firearms charge before he could be returned for his retrial which had been ordered. This trial court action was in error and had it been brought to our attention at the time, would assuredly have *44 been overturned in light of our present holding; nevertheless, this has occurred to the petitioner and he must be given full credit for that time served as concurrent with the robbery sentence under these circumstances.
No other court action occurred until the trial court order of April 4, 1968, ordering the return of petitioner to Manatee County for retrial on the robbery charge; this was at the point of the completion of the 3-year firearms sentence. Such action was improper in deferring the new trial upon the condition of first serving the subsequent sentence and under the peculiar circumstances of this case, petitioner's total term of incarceration for these two convictions is accordingly limited to twenty- not twenty-three-years.
In reducing the erroneous sentence of life imprisonment on the robbery conviction to twenty years, the sentencing judge specifically allowed "credit for all time served." (emphasis ours) Quite possibly, he meant all time served on the robbery sentence, but this is not what he said. Falagan v. Wainwright, 195 So.2d 562 (Fla. 1967). Thus, as petitioner now points out, he thereby expressly received credit on his robbery sentence for the full time of three years for possession of firearms, namely, the full three years firearms sentence which he actually served and completed prior to the retrial on the robbery charge. This is the peculiar circumstance which demands a different result than the usual requirement that each sentence be completed in turn, as delineated in our original opinion from which we now deviate only to this extent under these particular circumstances. To require petitioner to serve a term of twenty-three years would be to nullify the credit so given.
It is urged by respondent that we have overlooked the provisions of F.S. § 921.16, F.S.A. in this regard. This statute requires that sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court directs that they be served concurrently. However, by giving the credit for all time served when modifying the sentence on the robbery conviction, the court did in effect order that the robbery sentence be served concurrently with the firearms possession sentence, in that the petitioner was given credit toward completion of his robbery sentence for time served on the firearms possession conviction by the literal language of the court's order.
Respondent next urges upon us the provisions of F.S. § 947.23(1), F.S.A. providing that the Parole Commission, after determining whether a charge of parole violation has been sustained, may return the parolee to prison to complete his sentence, reinstate parole, "or shall enter such other order as it may deem proper." In the instant case, the Parole Commission deemed it proper to revoke parole, but determined to make such revocation effective only after expiration of the sentence for possession of firearms. This was improper, as we have held in our opinion herein.
The Parole Commission's discretion is not absolute and unlimited. It may not, for instance, impose parole on a person for the balance of his life if he were sentenced only to one year's imprisonment. Similarly, the discretion vested in the Parole Commission does not include a power to revoke parole, effective at some future time, as was attempted in the instant case. As we have said, a prisoner has a right to serve his sentence in one stretch, not in bits and pieces. State v. Coleman, supra.
Respondent urges the case of Mayo v. State, 56 So.2d 547 (Fla. 1952), in which a person released on conditional pardon (and while the conditional pardon was still in effect) was convicted of another crime, receiving a 5-year sentence; he proceeded to serve this new sentence and then (after the sentence was being served) his pardon was revoked  a different (the opposite) circumstance from the case sub judice when he was not already serving another (new) sentence at the point of the revocation. *45 The question presented in Mayo was whether the new sentence ran concurrently with the original sentence. There was no in futuro revocation as that sub judice. In determining that the sentences ran concurrently despite the provisions of F.S. § 921.16, F.S.A., we noted in Mayo that the prisoner was not serving any sentence when the 5-year pronouncement was made and hence that the sentencing judge could not order the five years to run consecutively or concurrently, for at the time the 5-year sentence was imposed the judge could not know whether the conditional pardon would be revoked. In the instant case, however, parole had already been revoked when the 20-year robbery sentence (with credit for all time served) was imposed, and the sentencing judge had the power, under F.S. § 921.16, F.S.A., to order that the robbery sentence thus be served, in effect concurrently, with the firearms possession sentence, by ordering in the subsequent robbery sentence credit for "all time served" which necessarily included the already served three years firearms sentence.
Finally, respondent cites Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). There federal prisoners on parole were convicted of subsequent federal offenses, and served their terms on these subsequent offenses. Then, upon completion of these sentences, they were held on warrants alleging parole violations. Their contention was that they had resumed serving the unexpired balance of their prior sentences upon re-imprisonment, a contention rejected by the court. But there, too, unlike the instant case, parole was not revoked until after the prisoners had completed serving their terms of imprisonment for the second offenses. Here, revocation took place while the subsequent imprisonment continued  indeed, barely a month after it had commenced. Any suspension in the serving of the original sentence by virtue of the parole, ceased (and serving of the sentence resumed) on the date of the order revoking probation, regardless of the date upon which such revocation order stated it to be effective.
We reiterate: the petitioner is entitled to pay his debt to society in one stretch, not in bits and pieces, and he cannot at the same time be imprisoned and on parole. To paraphrase President Lincoln, no man can exist half free on parole and half imprisoned.
Petitioner has accordingly completed service of his 3-year term of imprisonment for possession of firearms by a convicted felon. In computing the remaining portion of his term of imprisonment on the robbery conviction, petitioner is entitled to credit for:
(1) all time served on either the robbery or the firearms possession charge and for confinement from August 26, 1965 (the date of his arrest on the firearms possession charge), until sentenced on the firearms conviction, all prior to March 9, 1973;
(2) all unforfeited gain time accrued prior to March 9, 1973; and
(3) time served and any unforfeited gain time on the armed robbery sentence since March 9, 1973. Petitioner shall be considered, for purposes of this computation, to have been serving his 20-year sentence for armed robbery concurrently with his sentence for possession of firearms by a convicted felon subsequent to the parole revocation of November 15, 1965, and during the prior confinement since August 26, 1965.
The peremptory writ of mandamus previously granted and our opinion are modified accordingly and respondent is directed forthwith to give petitioner credit on the robbery sentence as outlined in the preceding paragraph.
It is so ordered.
ROBERTS, ERVIN and ADKINS, JJ., concur.
CARLTON, C.J., agrees to conclusion only.
NOTES
[1] Fla. Stat. § 947.21, F.S.A.
[2] State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941).