290 So.2d 58 (1974)
Anthony W. VOULO, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.
No. 44619.
Supreme Court of Florida.
February 13, 1974.
*59 Anthony W. Voulo, in pro per.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
Petitioning prisoner by mandamus seeks recalculation of his release date. We issued our alternative writ of mandamus, and a response and supporting brief have now been filed.
Petitioner was sentenced to three concurrent terms of imprisonment, each of six months to five years, on Sept. 5, 1969. He was paroled, effective Oct. 19, 1971, and was arrested on Feb. 6, 1973, charged with attempted breaking and entering of a building other than a dwelling house with intent to commit a misdemeanor. He was sentenced on May 14, 1973, to six months imprisonment on this charge, with credit for the 108 days already served in the county jail prior to sentencing, the sentence "to run concurrent with any time given out of a Parole violation."
A parole revocation hearing was held, and parole was revoked on Sept. 17, 1973, effective June 7, 1973. Petitioner was in the county jail from the date of his arrest on Feb. 6 until June 7. He now seeks credit upon his original concurrent sentences for this time. He is entitled to it and we so hold.
The instant case is similar in many respects to that of Brumit v. Wainwright, 290 So.2d 39, on rehearing (Fla. 1973), and many of respondent's contentions have been determined in that case adversely to respondent. Unlike the situation presented in Brumit, however, the instant case did not involve a parole revocation to take effect in futuro; in point of fact, the effective date specified in the instant parole revocation order is more than three months prior to the date of the order itself. The question presented is thus whether the petitioner is entitled to credit for the time spent in county jail from the date of his arrest on Feb. 6, 1973, to June 7, 1973, the date upon which the parole revocation is stated to be effective.
As was stated in both Law v. Wainwright, 264 So.2d 3 (Fla. 1972), and Adams v. Wainwright, 275 So.2d 235 (Fla. 1973), a person cannot be on parole and at the same time be in jail. Admittedly, a person on parole is not completely at liberty, albeit he does have substantially more freedom than when he is incarcerated. The fact that petitioner was in the county jail, rather than the state penitentiary, is immaterial, as "all jails look the same from the inside." As we indicated in *60 Brumit, Law and Adams, "everybody's got to be some place," and you cannot be both free on parole and incarcerated at the same time. To so hold would be in clear violation of the underlying rationale of the three cases cited above.
As we indicated in Brumit, the incarceration of the petitioner terminates the interruption of his sentence represented by the parole which he was serving. Although the effort of the Parole Board to give the petitioner proper credit, as evidence by its making the effective date of the parole revocation prior to the date of the order, rather than in futuro, was apparently in good faith, it is nonetheless insufficient; it should have related back, as we have tried to define the rule, to the date of the arrest which prompted the revocation of parole, namely, Feb. 6, 1973. Inasmuch as petitioner was incarcerated continuously from Feb. 6, 1973, through the effective date specified in the parole revocation order, he cannot be said to have been free on parole during this time. Consequently, he is entitled to credit upon his sentences for the time so served. Any implication to the contrary found in Mayo v. State, 56 So.2d 547 (Fla. 1952), is hereby disapproved and that case is overruled to the extent inconsistent herewith.
We further note that the "new" sentence imposed on May 14, 1973, expressly stated: "for a term of 6 months, credit for time already served (108 days), to run concurrent with any time given out of a Parole violation." Not only was petitioner given credit upon this sentence for the time served in county jail beginning on Feb. 6, 1973, but as the trial judge ruled, the sentence imposed on May 14, 1973, is to run concurrently, rather than consecutively, with the remainder of the original concurrent sentences imposed Sept. 5, 1969.
Accordingly, the peremptory writ of mandamus is granted. Respondent is directed forthwith to give petitioner credit upon the original concurrent sentences imposed on Sept. 5, 1969, for all time served from the date of arrest of petitioner on Feb. 6, 1973, to June 7, 1973, the date upon which the parole revocation order was stated to be effective, both dates inclusive; and shall consider and credit the remainder of the new six months' May 14, 1973, sentence beyond the 108 days served, as served concurrently with the original Sept. 5, 1969, sentences. Respondent shall also give petitioner credit upon such original sentences for all unforfeited gain time accrued during the period of Feb. 6, 1973, through June 7, 1973, inclusive.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, ADKINS, and BOYD, JJ., concur.