PER CURIAM.
By this petition for writ of mandamus, petitioner seeks recomputation of his sentence to reflect that his parole revocation be effective on the date the decision was made to revoke his parole rather than effective upon the completion of a sentence imposed for an offense committed while he was on parole. We issued our alternative writ of mandamus and a response has been filed.
Having been convicted of possession of marijuana, petitioner was sentenced on December 27, 1968, to a term of five years and was thereafter on April 20, 1971, granted a parole. On March 17, 1972, he was convicted on two counts of selling or dispensing heroin and sentenced to two consecutive five year terms with credit given for the time served in jail from November 6, 1971, to December 2, 1971, and from February 3, 1972, to the date of commitment order, March 23, 1972. On January 11, 1973, the Florida Probation and Parole Commission entered an order of revocation of parole which was expressly made effective as of the completion of the sentence for the offenses he committed while on parole.
This Court stated in Brumit v. Wainwright, 290 So.2d 39 (Fla.1973), that,
“In the present case, petitioner was on parole at the time he was tried and convicted of the firearms possession charge. The revocation of his parole was expressly made effective as of the completion of the sentence for that offense. Since time spent on parole is forfeited by the prisoner if parole is revoked [Fla.Stat. § 947.21, F.S.A.], petitioner in this case is faced with serving his sentence for possession of firearms (while technically on parole), then having his parole time forfeited and being required to serve the balance of his prior armed robbery sentence. This ‘split sentence’ results from the fact that the parole revocation is to be effective only upon completion of the firearms possession sentence.
“The effect of making the revocation of parole effective as of this later date [the date of completion of sentence imposed for offense committed while the prisoner was on parole] is to place the petitioner in jail while simultaneously saying that he is still out on parole. But in our system of justice a man cannot be both in jail and out on parole at the same time; he is either in or out. There are no ‘free’ men in jail. As we said in Adams [Adams v. Wainwright, 275 So.2d 235 (Fla.1973)], ‘Everybody’s got to be some place!’ Petitioner is entitled to pay his debt to society only one time, and that without interest; he has a right to serve his sentence at one stretch, not in bits and pieces.
“We recognize that our courts have previously approved of parole revocations effective upon the expiration of sentence for an unrelated offense in such cases as Simmons v. State, 217 So.2d 343 (Fla.App.2d 1969); Duchein v. Cochran, 127 *774 So.2d 97 (Fla.1961); and Johnson v. State, 185 So.2d 466 (Fla.1966). We have reconsidered the rule of those cases in light of our decisions in Law [Law v. Wainwright, 264 So.2d 3 (Fla.1972)] and Adams, and we today overrule those cases to the extent that they allow parole revocation to be made effective upon the completion of a sentence imposed for an offense while the prisoner was on parole, or to be made effective in futuro upon similar future occurrence or condition. We also overrule all other cases to like effect.”
On rehearing granted, this Court did not recede from the above holding but rather amended its earlier decision to reflect that petitioner had already served the 3-year firearm sentence (offense committed while on parole). This Court further stated in its decision on rehearing granted:
“Any suspension in the serving of the original sentence by virtue of the parole, ceased (and serving of the sentence resumed) on the date of the order revoking probation, [sic] regardless of the date upon which such revocation order stated it to be effective.
“We reiterate: the petitioner is entitled to pay his debt to society in one stretch, not in bits and pieces, and he cannot at the same time be imprisoned and on parole. To paraphrase President Lincoln, no man can exist half free on parole and half imprisoned.”
Accordingly, the peremptory writ of mandamus is granted, and we hold that the revocation of petitioner’s parole was effective as of the date upon which the revocation order was entered. The time petitioner has served on the heroin conviction sentences and the credit for jail time served until the date of commitment on these charges should be credited toward his earlier 1968 marijuana conviction and sentence of 5 years. He should thus be allowed to serve the balance of his prior marijuana conviction and then serve the subsequent sentences imposed for his conviction of the charges of selling or dispensing heroin. The selling or dispensing of heroin sentences must follow the termination of the earlier sentence.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, BOYD and McCAIN, JJ., concur.