322 So.2d 473 (1975)
Johnny C. BENYARD, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 46506.
Supreme Court of Florida.
October 29, 1975.
*474 Johnny C. Benyard, in pro per.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
OVERTON, Judge.
Petitioning prisoner, by mandamus, seeks recalculation of his release date. We issued our alternative writ of mandamus.
The chronology of the criminal proceedings applicable to the petitioner is as follows:
(1) On February 24, 1967, petitioner was sentenced to a term of six months to ten years for the offense of manslaughter.
(2) On June 9, 1970, petitioner was paroled.
(3) On February 24, 1972, petitioner was sentenced to a term of six months to five years for breaking and entering with intent to commit a felony. The trial court was silent on whether the sentence was to be consecutive or concurrent to the existing manslaughter sentence.
(4) On March 27, 1972, the petitioner's parole was revoked by reason of the aforementioned breaking and entering conviction. The effective date of said parole revocation was deferred by the Commission's order until the petitioner completed the sentence for the breaking and entering offense.
Petitioner contends the manner of computation of his sentence violates the principles of Brumit v. Wainwright, 290 So.2d 39 (Fla. 1974), and Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974). These cases hold that the Commission is prohibited from delaying the effective date of a parole revocation until the completion of the new sentence for the offense causing the revocation. They require that the first sentence imposed must be the first served. The petitioner further contends he is entitled to a recomputation of his release date in a manner that allows both sentences to be served concurrently.
The respondent, on the other hand, contends Brumit should be applied prospectively and not retroactively.
Numerous petitions have been filed with this Court for mandamus or habeas corpus to require a recomputation of a prisoner's sentence in accordance with the principles of Brumit v. Wainwright and Voulo v. Wainwright, supra. We have previously rendered decisions applying those principles. See Joseph v. State, 301 So.2d 772 (Fla. 1974), and Segal v. Wainwright, 304 So.2d 446 (Fla. 1974).
It is necessary that we clearly set down principles applicable to computation of sentence concerning (1) the prospective or retroactive application of the rule adopted in Brumit v. Wainwright, supra, and (2) where the sentencing court is silent, whether the sentence is consecutive or concurrent to a previously imposed sentence.
We recognize that retroactive application is not constitutionally required and that this Court has the sole power to determine whether our decision should be prospective or retroactive in application. *475 Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). It is our opinion that the formula for computation of a prisoner's sentence should be the same for all prisoners. Therefore, the principle of Brumit prohibiting a deferred effective date for a parole revocation and requiring the first sentence imposed to be the first served shall be applied retroactively.
In so holding, we emphasize that this determination does not affect sentence computations where there is no prejudicial effect on the release date nor does it affect the legislative grant of authority to the judiciary to impose concurrent or consecutive sentences. The legislature has authorized concurrent and consecutive sentences in accordance with the provisions of Section 921.16, Florida Statutes (1973). The statute reads as follows:
"When sentences to be concurrent and when consecutive.  A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits, shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently."

[Emphasis supplied]
Pursuant to this statute, a sentence for a separate offense not charged in the indictment or information is consecutive to a previously imposed sentence when the sentencing court is silent.
We recognize direct conflict exists between Rule of Criminal Procedure 3.722, adopted February 1, 1973, and Section 921.16, Florida Statutes (1973). Our Rule of Criminal Procedure 3.722 directs that sentences are concurrent unless affirmatively designated as consecutive by the sentencing court. In our opinion, the statute must prevail over our rule because the subject is substantive law.
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions. See In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973); In re Florida Rules of Criminal Procedure, 272 So.2d 65, amended 272 So.2d 513 (Fla. 1973).
The prescribed punishment for a criminal offense is clearly substantive law. State v. Garcia, 229 So.2d 236 (Fla. 1969). An argument can be made that the manner of the imposition of the sentence is procedural; however, it is our opinion that whether a sentence is consecutive or concurrent directly affects the length of time spent in prison and, therefore, rights are involved, not procedure. A judge should affirmatively state whether a sentence is consecutive or concurrent; when he fails to do so, it necessarily follows that the legislature has the primary authority to determine if the sentence should be consecutive or served concurrently with another sentence.
We recognize that it can be contended that Rule 3.722 does not control the situation in the instant case since the second sentence was imposed one year prior to its effective date. We have previously determined in this cause that there should be one formula for the computation of *476 prison sentences, and we have applied Brumit retroactively in order to accomplish that purpose. Leaving Rule 3.722 in force would result in confusion and two alternative means of sentence computation because of the contention that it repealed Section 921.16 effective February 1, 1973. Our Rule of Criminal Procedure 3.722 is not controlling because of its substantive nature and must be revoked or amended to conform with the statute.
In the instant case petitioner contends that the two sentences should be served concurrently. This contention is without merit. From the record before us, the sentences in issue were for offenses not charged in the same indictment or information and the sentencing court did not direct that they be served concurrently. Under these facts, the provisions of Section 921.16, Florida Statutes (1973), require the sentence for breaking and entering to be consecutive to the sentence imposed for manslaughter. Because the second sentence is properly considered consecutive, the failure of the respondent to apply the Brumit rule would appear to have no prejudicial effect on the release date of the petitioner. The mathematical computation should be the same. We suggest, however, that the respondent review the entire record of this petitioner and recalculate his release date in accordance with the provisions of this opinion to ensure that he has not been denied proper credit for each day spent in jail subsequent to his initial conviction and sentence.
Petition is denied.
It is so ordered.
ADKINS, C.J., and ROBERTS and ENGLAND, JJ., concur.
HATCHETT, J., concurs in the result of opinion.