QUESTIONS: 1. Is a court declaration of insanity and mental incompetency at the time of trial pursuant to Rule 3.210(a), Florida Rules of Criminal Procedure, the equivalent of an adjudication of mental incompetency under s. 744.3101, F. S.? 2. Does an incompetent under Rule 3.210, CrPR, suffer the legal disabilities referred to in s. 744.3101(8), F. S.?
SUMMARY: A court declaration of mental incompetency to stand trial pursuant to Rule 3.210(a), CrPR, is not the equivalent of an adjudication of mental incompetency under s. 744.3101, F. S. A person found incompetent under Rule 3.210 does not as a result of such finding of incompetency suffer the legal disabilities referred to in s. 744.3101(8). Your questions are answered in the negative. Rule 3.210(a), CrPR, is the procedural vehicle for determining mental competency to stand trial on a criminal charge. The rule was promulgated by the Florida Supreme Court in the exercise of its rulemaking power under the Florida Constitution. Section 2(a), Art. V, State Const. Section 744.3101, F. S., is substantive law enacted by the Legislature. A person adjudicated mentally incompetent under this statute suffers the legal disabilities referred to in s. 744.3101(8). In my opinion, s. 744.3101, supra, establishes the exclusive statutory method for a declaration of incompetency. Admittedly, a circuit judge may declare a person mentally incompetent to stand trial on a criminal charge pursuant to Rule 3.210(a), CrPR. This is a procedural matter. However, a circuit judge may not make a substantive determination of incompetency except pursuant to the existing statutory scheme. This is so because s. 2(a), Art. V, State Const., grants the Supreme Court authority to promulgate rules governing procedural matters. But it is emphasized that the enactment of substantive law remains within the exclusive province of the Legislature. As the Supreme Court said in State v. Garcia,229 So.2d 236 (Fla. 1969): "The rules adopted by the Supreme Court are limited to matters of procedure, for a rule cannot abrogate or modify substantive law." See also Benyard v. Wainwright,322 So.2d 473 (Fla. 1975); cf. Swan v. State, 322 So.2d 485, 489 (Fla. 1975). Thus, to hold that our Supreme Court, through its rulemaking power, could establish an alternate method for the determination of mental competency would constitute an invasion of the legislative function prohibited under the doctrine of separation of powers of the state government. Section 3, Art. II, State Const.; Benyard v. Wainwright, supra. It is my firm opinion that the question of a person's mental competency is a substantive matter except in the context of a criminal trial. Therefore, any substantive determination of mental competency must be in accord with s. 744.3101, supra, for the resultant disabilities of s. 744.3101(8) to be presumed. It follows that a person found mentally incompetent to stand trial under the provisions of Rule 3.210, CrPR, does not as a result of such finding of incompetency suffer the same legal disabilities inherent in an adjudication under s. 744.3101.