BOYD, Justice.
By this petition for writ of mandamus [1] Petitioner seeks recomputation of his sentences to reflect “gain time” which Respondent is not presently allowing him. We issued our alternative writ of mandamus, to which Respondent filed his response and supplemental response.
The facts appear as follows.
Petitioner was convicted on February 24, 1954, of assault with intent to commit rape and was sentenced to serve 15 years in prison; on April 3, 1956, he was paroled for 14 years. While on parole, Petitioner was arrested on January 19, 1968, for non-support and was confined to jail; on February 27, 1968, his original parole was revoked. On March 11, 1969, Petitioner was again paroled, which parole was to last for 5 years. While released on his second parole, Petitioner was arrested on March 22, 1971, and was subsequently convicted of attempted breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny. On June 25, 1971, Petitioner was sentenced to serve 2 \/2 years in prison. Thereafter, on August 9, 1971, Petitioner’s second parole was revoked for his failure to remain at liberty without violating any law; this order of revocation provided as follows:
“This revocation is to be effective upon expiration of the sentence which [Petitioner] is now serving in the State Prison . . namely, a sentence of 2 t/2 years in the State Prison by the Criminal Court of Record for Hillsborough County, Florida, on June 25, 1971.”
While serving this 2 i/^-year sentence, Petitioner was charged on February 13, 1972, with escaping from DCRP # 15, Largo, and on June 22, 1972, having been convicted of that charge, he was sentenced to serve 6 months to 2 years in Respondent’s custody.
In his petition for writ of mandamus Petitioner asserts that revocation of his second parole effective at a future date was improper and that, consequently, all three of his sentences should be treated as concurrent ones rather than consecutive ones. Alternatively, Petitioner argues that, if his sentences are to be treated as consecutive ones, his gain time for good conduct under Section 944.27, Florida Statutes, is being improperly computed.
In the Respondent’s original response to this Court’s Alternative Writ of Mandamus he admits that the present computation of Petitioner’s sentences is inconsistent with this Court’s rulings in Brumit v. Wainwright[2] and Voulo v. Wainwright[3] *200 Respondent submits that this case is ruled by the recent opinion in Joseph v. State Division of Corrections[4] in which this Court held that revocation of parole was effective on the date upon which it was entered, regardless of the effort to make it effective in futuro, and that the sentence for a subsequent offense would be served after completion of the original sentence. Respondent admits that under Joseph, supra, Petitioner’s time should be computed by crediting against his original sentence both the jail time he served in 1968 and in 1971, as well as the jail time which has previously been credited against his 1971 sentence of 214 years. In turn, Respondent maintains that Petitioner’s 1971 sentence of 2)4 years must now follow his original 1954 sentence and, similarly, that it must be followed by the 1972 sentence of 6 months-2 years. Respondent suggests that reversing the order of the serving of Petitioner’s sentences will not result in any reduction in the time which Petitioner must serve. Respondent agrees with Petitioner that for the purposes of Section 944.27(2), Florida Statutes, his sentences should be considered cumulative. Respondent concludes his response by agreeing to recompute Petitioner’s time and by agreeing to submit to this Court proof of his compliance. Thereafter, notwithstanding Petitioner’s Traverse, this Court agreed to withhold discharge of the Alternative Writ of Mandamus until Respondent should file his Supplemental Response; that document has now been filed.
In his Supplemental Response Respondent submits the following computation of Petitioner’s sentences and gain time:
20298 No. of days “A. The first sentence began on July 29, 1955 (from Jan. 1, 1900 [sic]
7118 “B. Terms of 15 years, 2)4 years, and 6 months to 2 years = 19)4 years term pursuant to Florida Statutes, § 944.27 (2) +
3150 “C. Statutory Gain Time on 19)4 years 1
95 “D. Credit for County Jail Time on 2)4 years sentence I
+ 4308 “E. Time out on First Parole, i.e. April 3, 1956 — January 19, 1968 (See Exhibits II and III, and Petitioner’s Petition, paragraphs 2 and 3)
+ 40 “F. First Revocation Penalty (Loss of Statutory Gain Time)
“G. Time out on Second Parole, i.e. March 11, 1969 — June 25, 1971 (See Exhibits IV — VI and Petition, paragraphs 5 and 6) VO CO CO +
“H. Second Revocation Penalty (Loss of Statutory Gain Time) 10 VO +
“I. Time out on Escape, i.e. February 13, 1972 — May 6, 1972 Penalty for Escape (Loss of Gain Time) CO O OO vo + +
29553” “Tentative Expiration Date-November 29, 1980
After reviewing this computation in light of Brumit, Voulo, and Joseph, supra, as well as the recent case of Segal v. Wainwright,[5] Respondent submits that Petitioner is entitled to double credit for his county jail time prior to his 1971 sentence of 2 i/2 years. Since Petitioner has only been given credit for that jail time once in *201 the above computation, Respondent is presently crediting him with an additional 95 days, which would place his tentative expiration date at August 26, 1980. Further, relying on Section 921.16, Florida States (1971),[6] Segal and Joseph, supra, Respondent maintains that Petitioner’s second sentence must be served consecutively, rather than concurrently. We agree with this conclusion.
Based on Respondent’s affirmative showing of recomputation of Petitioner’s time, which we find to be correct, the peremptory writ of mandamus should not issue, and the alternative writ of mandamus previously granted should be, and hereby is, discharged.
It is so ordered.
ADKINS, C. J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.

.Article V, Section 3(b)(5), Florida Constitution.

. 290 So.2d 39 (Fla.1974).

. 290 So.2d 58 (Fla.1974).

. 301 So.2d 772 (Fla.1974).

. 304 So.2d 446 (Fla.1974).

. 921.16 'When sentences to he concurrent and when consecutive. — A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits, shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.