## STATE OF FLORIDA v OLTARSH, et al.

### Case No. 88-2002

Second Judicial Circuit, Leon County

August 4, 1989

### APPEARANCES OF COUNSEL

**Steve Parton,** Assistant State Attorney, for plaintiff.

**Craig Stella, Anthony Bajoczky, E. C. Dean Kitchen, Dean Le-Boeuf,** for defendants.

### OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

#### *ORDER DENYING MOTION TO QUASH OR MOTION FOR PROTECTIVE ORDER*

The State of Florida, through the Office of the State Attorney, seeks quashal or a protective order in connection with a defense subpoena commanding the appearance for deposition of the alleged victim in this case. The State contends that there was no right to discovery under common law, that Rule 3.220, FRCrP creates a substantive right in contravention of the separation of powers doctrine, and that the discovery rules, generally, violate the victim's right of privacy under

the United States Constitution[1] and Article I, Section 23 of the Florida Constitution.

The alleged victim, through her counsel, has filed a Motion to Quash or in the Alternative Motion for Injunction, which essentially mirrors the State's motion and contentions.

The Defendants assert that Florida's discovery rules were promulgated to implement and satisfy the requirements of the Confrontation clause of the United States and Florida Constitutions. Further, they contend that these rules are procedural in nature and were promulgated validly by the Florida Supreme Court under powers delegated in Article V, Section 1 of the Florida Constitution. The issue is whether the promulgation of RUle 3.220, FRCrP is a valid exercise of judicial power or an invalid violation of separation of powers.

Discovery is a remedy of equitable origin, designed to give relief from a defect in common law procedure which lacked the power to order the inspection of documents in advance of trial. 23 Am. Jur. 2d, Depositions and Discovery § 140 (1983). Generally, the purposes of modern discovery are to assist in the administration of justice, to aid a party in preparing and presenting his case or his defense, to advance the function of a trial in ascertaining the truth, and to accelerate the disposition of suits. *Southern Mill Creek Products Co. v Delta Chemical Co.,* 203 So.2d 53 (Fla. 3d DCA 1967).

The practice of obtaining evidence and information by deposition was unknown to the common law, and ordinarily the right of a litigant to avail himself of this procedure was purely statutory or by court rule. *State v Lampp,* 155 So.2d 10 (Fla. 2d DCA 1963); app. dismd. 166 So.2d 891 (Fla. 1963). The use of depositions in a criminal case is pursuant to FRCrP Rule 3.220. Rule 3.110(d) provides that at any time after the filing of the indictment or information the defendant may take the deposition upon or examination of any person who may have information relevant to the offense charged.

Essentially, there is no general constitutional right to discovery in criminal cases *Weatherford v Bursey,* 429 U.S. 545, 97 S.Ct. 837 (1977). The United States Supreme Court also held in *Weatherford* that the due process clause does not dictate the amount of discovery which a party must be afforded. 429 at 559.

Initially, the defense contends that the deposition of the alleged victim is in furtherance of the Confrontation clause of the Sixth

---

[1] See, *Griswold v Connecticut,* 381 U.S. 479, 85 S.Ct. 1678 (1965).

Amendment of the United States Constitution.[2] However, the real interest protected by the confrontation clause is the right of cross examination. *Douglas v Alabama,* 380 U.S. 415, 85 S.Ct. 1074 (1965). Moreover, the Supreme Court has held that the denial of a preliminary examination of a witness is not violative of an accused's right of confrontation [See *Goldsby v United States,* 160 U.S. 70, 16 S.Ct. 216 (1895).] More recently, the Court has found that

> "the right of confrontation is basically a trial right which includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber v Page,* 390 U.S. 719, 725, 88 S.Ct. 1318 (1968).[3] Discovery, therefore, as promulgated in Rule 3.220, FRCrP is not required for compliance with or implementation of the Confrontation clause.

The State further contends that Rule 3.220 violates the alleged victim's right of privacy. The "right of privacy" was first recognized by the Supreme Court in *Griswold v Connecticut,* supra. In 1980, the people of Florida approved Article I, Section 23 as an amendment to the Florida Constitution, thus declaring and codifying a right of privacy in Florida. This fundamental right has been held to be much broader in scope than that impliedly found in the U.S. Constitution. *Winfield v Division of Parimutal Wagering,* 477 So.2d 544 (1985).

The Supreme Court of Florida, in *Rasmussen v South Florida Blood Service,* 500 So.2d 533 (Fla. 1987), was called upon to balance a litigant's discovery rights in a civil case with a third party's right to privacy. In denying the plaintiff's right to discover the names of blood donors (who might have transmitted the AIDS virus to him), the Court held that the privacy rights of the fifty-one volunteer blood donors (which were not parties) were paramount to the right of the plaintiff to prove aggregation of his injuries and compensation therefore.

However, in the instant case, the issue is entirely different. The discovery is not sought from someone tangential to the case; but someone who apparently has information material and relevant to the trial and possible defense in the case. The victim's constitutional right of privacy must be balanced with an accused's rights under the same

---

[2] The Sixth Amendment Confrontation clause is equally applicable to the States. *Pointer v Texas,* 380 U.S. 400, 85 S.Ct. 1065 (1968). An accused's right to confrontation is violated if he is afforded no opportunity to cross-examine witnesses against him. *Re Oliver,* 333 U.S. 415, 85 S.Ct. 1074 (1965).

[3] The Confrontation clause contained in the Florida Constitution (Article I, Section 16) provides that an accused has the right to confront a witness "at trial."

Constitutions. The Defendants' rights in this criminal prosecution far outweigh the civil litigant's rights in *Rasmussen.* Although the victim in this case (or the victim in most other criminal cases) may be an unwilling party to this unfortunate situation, she is nonetheless an essential participant in the case, as she has been listed as a witness. In this case, a balance of the important constitutional rights of the victim and the accused finds the accused's rights (as it relates to pre-trial discovery) to be paramount to the victim's right of privacy.

Turning to the ultimate issue in the case, each side has argued forcefully and cogently their position as to whether Rule 3.220 FRCrP is a substantive or procedural matter.

Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. *Benyard v Wainwright,* 322 So.2d 473 (Fla. 1975). Conversely, procedural law pertains to the means and method of applying and forcing those duties and rights. Procedural rules concerning the judicial branch are the responsibility of the Supreme Court, subject to repeal by the Legislature, in accord and with the Florida Constitution. *Benyard* at 475.

The Supreme Court in *In Re Florida Rules of Criminal Procedure,* 272 So.2d 65 (Fla. 1972) affmd. 272 So.2d 513, states, "as related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished." at 66.

The Supreme Court of Florida in promulgating the Rules of Criminal Procedure has declared that those rules, including those pertaining to discovery, are procedural in nature. The Court has impliedly held that their promulgation was within their authority as delegated in Article V, Section 2 of the Florida Constitution.[4] The promulgation of these rules and specifically Rule 3.220 was not a violation of the separation of powers doctrine; but was a valid exercise of the Supreme Court's judicial power and responsibility. Accordingly, it is

ORDERED AND ADJUDGED that the State's motion to quash or motion for protection order is denied. Further, the similar motion filed by the alleged victim in this case is likewise denied.

---

[4] Unquestionably, the purpose of the discovery process is to streamline and expedite the exchange of information between the State and the defendant. This process provides a valuable judicial tool leading to the resolution of the vast majority of criminal cases without the necessity of trials.

**95**

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, 4th day of August, 1989.