GRIMES, Judge.
Appellant was convicted of the crime of escape. His only point meriting discussion is that the court should have given him credit on the sentence for the time he spent in county jail from the day of his re-arrest until sentencing. Appellant’s position is foreclosed by the reasoning of Adams v. Wainwright, Fla.1973, 275 So.2d 235 in which the court held that the time spent in county jail by defendant prior to the completion of his trial for escape from state prison counts toward his .original state prison sentence. The court observed that such a situation constitutes an exception to § 921.161, pointing out that the existing uncompleted prison term traveled with the escaped prisoner so that the moment he was detained that sentence by operation of law resumed.
While Adams, supra, dealt with the statute before credit for jail time was made mandatory, we think its principles are applicable here. The time appellant spent in county jail pending his trial for escape counted toward his original state prison sentence. There is no reason for him to be credited with jail time against the sentence he received for escape, because at the time of sentencing he had not served any time on the escape charge. To hold *765 otherwise would allow appellant to pyramid the same jail time as credit against both sentences. See Miller v. State, Fla.App.1st 1974, 297 So.2d 36.
Affirmed.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.