PER CURIAM.
Appellant appeals from judgments and prison sentences entered and imposed for breaking and entering a motor vehicle and for grand larceny. The one point meriting discussion relates to his entitlement to credit for jail time.
The record reflects that appellant was incarcerated in the Polk County Jail for 171 days as of the date of his judgments and sentence. Expressly, no credit for this time was allowed by the learned trial judge, who stated at appellant’s sentencing that, as a parole, violator, appellant was not entitled to credit for time served. The record does not reflect, however, whether this time was otherwise credited to the offense for which he was previously placed on parole. While he is not entitled to a multiple credit, appellant is entitled to credit if he has not already received it otherwise.[1]
Accordingly, the judgments and sentences appealed from should be and they are hereby affirmed. But the cause is remanded with directions to determine if credit was applied to the sentence under which appellant was paroled. If not, then credit shall be applied to the instant sentences. If the latter be the case, the trial court may merely enter an order amending the sentence so as to reflect jail time credit and appellant need not be returned to the court for this purpose.
Affirmed, but remanded with directions.
McNULTY, C. J., and HOBSON and SCHEB, JJ., concur.

. See Sec. 921.161, Fla.Stat. (1975); Dixon v. State, 339 So.2d 688 (Fla.2d DCA 1976); Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).