PER CURIAM.
The primary issue on appeal is whether the court erred in denying appellant’s motion for discharge under the speedy trial rule. Our review of the record reveals that appellant’s contention that he was not brought to trial within the speedy trial period is without merit.
However, the court erred in failing to give appellant sufficient credit for the time he spent in jail before sentencing. Appellant was arrested in Palm Beach County on January 13, 1978, on warrants from Hills-borough County, Broward County and the State of Washington. He was transferred from Palm Beach County Jail to Broward County Jail on January 18, 1978. On January 29, 1978, the Broward County court sentenced him to time spent in the Broward County Jail and gave him credit for time served. The following day the State of Washington waived extradition.
On March 2,1978, appellant was transferred to Hillsborough County. There, after conviction, the court sentenced him and gave him credit only for the 144 days spent in the Hillsborough County Jail. This was not enough. Even through during a portion of his Palm Beach County and Broward County jail time he was also being held to answer for other charges, he was entitled to additional credit from January 13, 1978, to January 18, 1978, and from January 29, 1978, to March 2, 1978, against the Hillsborough County charge. Deaver v. State, 326 So.2d 222 (Fla. 2d DCA 1976). But, he was not entitled to credit from January 18,1978, to January 29, 1978, because he received this credit against the Broward County sentence. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).
Accordingly, we affirm the judgment but remand the cause with directions that the court grant additional credit on the sentence in accordance with this opinion. Appellant need not be present for this purpose.
GRIMES, C. J., and HOBSON and BOARDMAN, JJ., concur.