398 So.2d 1005 (1981)
DeWayne Lee BRUNER, Appellant,
v.
STATE of Florida, Appellee.
No. AB-277.
District Court of Appeal of Florida, First District.
May 21, 1981.
DeWayne Lee Bruner, in pro. per.
Jim Smith, Atty. Gen., for appellee.
WENTWORTH, Judge.
Bruner appeals the denial of his motion to correct sentence contending he is entitled to additional jail time credit pursuant to the principles enunciated in Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974) and Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980). These cases indicate that a defendant is entitled to jail time credit for the period of time he was held on the charge which prompted the revocation of his probation. However, it is well settled that a defendant, being held on numerous charges, is not entitled to a multiple credit. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974); Watson v. State, 340 So.2d 961 (Fla. 2d DCA 1976), cert. denied 348 So.2d 955 (Fla. 1977); Radley v. State, 372 So.2d 1179 (Fla. 2d DCA 1979). We are unable to determine from the record whether Bruner received the jail time credit against the St. John's County sentence. Accordingly, the cause is remanded to the trial court to determine if credit was applied to Bruner's St. John's County sentence. If not, such credit shall be applied to the present sentence, and the trial court may enter an order amending the sentence. Bruner need not be present for this purpose.
*1006 The order appealed is affirmed, but the cause is remanded with directions.
SHAW and THOMPSON, JJ., concur.