WIGGINTON, Judge.
Brooks appeals from the trial court’s denial of his motion for post-conviction relief, Fla.R.Crim.P. 3.850, contending that his sentence should be corrected to include credit for time spent in county jail prior to sentencing. We disagree and affirm.
While serving a federal prison term, Brooks was removed to Escambia County to answer Florida charges. He was convicted and sentenced on the state charges and was transferred back to federal prison. Essentially, Brooks argues that Section 921.-161(1), Florida Statutes (1975)[1] required the trial judge to give him credit for the time he spent in the Escambia County jail awaiting sentence.
Section 921.161(1) insures that a prisoner will not lose credit for time he spent in jail before sentencing. However, it does not bestow duplicate jail time credit. See generally, Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA 1974).
Here, Brooks was serving a federal sentence during his stay in county jail, and he does not assert that he will be denied jail time credit by federal authorities. Because Brooks apparently received his federal jail time credit, the trial judge below was not required to give him duplicate credit toward his Florida sentence. See Bruner v. State, 398 So.2d 1005 (Fla. 1st DCA 1981); Watson v. State, 340 So.2d 961 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 955 (Fla.1977). See also, Wingfield v. Page, 422 P.2d 229 (Okl.Cr.App.1966); Southard v. State, 363 So.2d 178 (Fla. 4th DCA 1978).
Brooks additionally alleges that he lost eligibility for federal “gain time” during his Escambia County incarceration. However, we agree with the trial judge that Brooks has failed to demonstrate how this affects his state sentence. Certainly, loss of eligibility for federal gain time does not impact on Section 921.161(1).
Affirmed.
MILLS and ERVIN, JJ., concur.

. “... the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence.”