531 So.2d 1012 (1988)
James R. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2194.
District Court of Appeal of Florida, Second District.
September 28, 1988.
PER CURIAM.
James Wilson appeals the summary denial of his motion for postconviction relief. All five grounds set forth in the motion relate to the sentencing guidelines. We agree with the trial court that the motion is facially insufficient, and affirm. In so doing we write primarily to emphasize that one seeking to "correct" a sentence bears the burden of demonstrating why that sentence requires such correction.
*1013 Upon a plea of nolo contendere Wilson was sentenced to twenty years for attempted sexual battery, a felony of the first degree.[1] He now claims that the sentence should have been no more than seven years. However, Wilson does not explain how he reached this more lenient calculation, or how the trial court arrived at the more severe disposition. Despite some indication from Wilson that a guideline departure occurred, and certain references to the appropriate point score, it is not discernible from the motion whether the length of sentence was reached by agreement (e.g., in exchange for a reduction from capital sexual battery), whether the court intended a departure based on other reasons, or whether the sentence was within the guideline range.
If the trial court did impose a departure sentence, and Wilson had reason to question the legality of the reasons given, that problem should have been dealt with on direct appeal. Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987). If the length of sentence was affected by mistakes of fact contained within the presentence investigation, such as a misrepresentation of Wilson's prior record, it is necessary for one to have objected to those errors at the time of sentencing. Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). Alternatively, a failure to clarify known factual errors at the time of sentencing could constitute ineffective assistance of counsel. Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987). However, any such claim requires a showing that, but for counsel's omissions, a lesser sentence would have been imposed. See, e.g., Morris v. State, 493 So.2d 19 (Fla. 5th DCA 1986). Finally, if Wilson believes the sentence is solely the result of a computational error in the scoresheet, he is required to show where such error occurred and how it affected the length of sentence. Cf. Brunson v. State, 489 So.2d 1159 (Fla. 1st DCA 1986) (scoresheet errors which do not affect the length of sentence are deemed harmless).
Because Wilson's motion contains little more than conclusory statements regarding the adequacy of counsel's representation and the deficiencies of the present sentence, he has failed to set forth a prima facie showing of his entitlement to relief. Accordingly, the trial court was justified in denying the motion without requiring a response from the state, attaching evidence from the case files and records, or conducting an evidentiary hearing.
AFFIRMED.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.
NOTES
[1] §§ 777.04(4)(a) and 794.011(2), Fla. Stat. (1987).