# STATE OF FLORIDA v TRABER

## Case No. 80-81-CFA

Seventh Judicial Circuit, Flagler County

January 31, 1990

### APPEARANCES OF COUNSEL

**Stephen M. Nelson,** Assistant State Attorney, for plaintiff.

**George S. Traber,** pro se.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

*ORDER DENYING DEFENDANT'S MOTION FOR JAIL TIME CREDIT AND CORRECTING COURT'S ALLOWANCE OF JAIL TIME CREDIT*

THIS MATTER came on for consideration upon Defendant's pro se Motion For Jail Time Credit, and the Court, having reviewed the motion and being duly informed about the premises, hereby FINDS AS FOLLOWS:

On November 9, 1989, the Defendant, George S. Traber, was

sentenced by this Court to a five year consecutive prison term for Failure To Appear and was given a 157-day credit for time served in the Flagler County Jail. Now the Defendant claims in his motion that he is entitled to an additional 193 days credit for a total of 350 days. Upon further review, this Court discovered that not only is the Defendant not entitled to an additional 193 days, he also is not entitled to the original 157 days given apparently in error by the Court.

A brief background review shows that on May 19, 1980, the Defendant failed to appear at his trial for Grand Theft in Case No. 79-81-CFA. Upon the Defendant's failure to appear on that date, this Court immediately issued a capias for his arrest. The Defendant remained at large until he was arrested on the capias on June 5, 1981.

Pursuant to F.S. 921.161 an inmate is entitled to a credit for time spent in county jail before sentencing. The Flagler County Jail records show that the Defendant was in their custody from June 5, 1981, when he was arrested on the Failure To Appear charge, until July 21, 1981, when he was transferred to the Pinellas County Jail on their warrant, but still under a Flagler County hold. Defendant was returned to the Flagler County Jail on July 28, 1981 and remained until August 12, 1981, when he was transferred to the Lake Butler facility of the Department of Corrections to begin serving a 15-year sentence from Pinellas County for Grand Theft. Since that date the Defendant was in the custody of the Department of Corrections, although on November 26, 1981 he was transferred to the Flagler County Jail to await his December 14th trial on the Grand Theft and Failure To Appear charges. However, on December 13, 1981, the night before trial, the Defendant escaped from the Flagler County Jail and was not apprehended again until June 6, 1989.

In his current motion seeking 193 days of jail time credit in addition to the 157 already given, the Defendant indicates his belief that he is entitled to credit for all the days from June 5, 1981 until December 13, 1981. However, it appears from the jail records that the correct number of days for which the Defendant is entitled to receive credit is 68. This covers the period from June 5, 1981 up until August 12, 1981 when he was transferred to the custody of the Department of Corrections. Although the Defendant spent another 17 days in the jail from November 26, 1981 until he escaped on December 13, 1981, he should not have gotten credit previously for the 157 days, discussed hereinafter.

The Defendant points out in his motion that this Court granted him a 157-day credit for the period from June 6, 1989, when he was

apprehended, to November 9, 1989, when he was sentenced by this Court. The Department of Corrections and Flagler County shared physical custody of the Defendant during this period pending his trial. The 157 days of credit was given in error, and this Court, in actuality, should not have given Defendant any credit at all for this time served.

F.S. 921.161(1), which insures that a prisoner will not lose credit for time spent in jail before sentencing, does not bestow duplicate jail time credit. A defendant, who was removed from a prison to a county to be tried on other charges, who was convicted and sentenced on these charges and transferred back to prison, and who received his jail credit there, is not entitled to a credit on the new sentence for the time he spent in the county jail awaiting the sentencing. *Brooks v State,* 421 So.2d 829 (Fla. 1st DCA 1982).

Under the rationale of *Adams v Wainwright,* 275 So.2d 235 (Fla. 1973), the time that the Defendant spent in the county jail pending his trial for Failure To Appear would count toward his original state prison sentence, from which he escaped, and thus the Defendant would not be entitled to credit on the Failure To Appear sentence for the time spent in the county jail from the day of his rearrest until sentencing. See also *Barger v State,* 310 So.2d 764 (Fla. 2d DCA 1975); and *State v Francis,* 505 So.2d 30 (Fla. 4th DCA 1987).

In *Adams* the Petitioner was charged with and convicted of escaping from state prison, and he sought to compel prison authorities to credit to his time remaining in state prison the time he spent in county jail awaiting trial for escape from prison. The Florida Supreme Court, calling this case an "overriding exception" to F.S. 921.161(1), held that the Petitioner's time spent in county jail prior to completion of his escape trial counted toward his original state prison sentence. The Court reasoned that an existing, uncompleted prison term travels with an escaped prisoner and that the moment he is detained, that sentence by operation of law resumes. "The existing sentence resumes upon incarceration at capture, leaving the trial court no option under the statute as to credit for time awaiting trial," the Court stated. *Adams v Wainwright, supra.*

"Since the time awaiting an escape trial is a mandatory continuation of the defendant's original sentence as a matter of law, F.S. 921.161(1) is not applicable. Most assuredly, appellants automatically received credit on their original sentences for time served awaiting disposition of the escape charge, therefore the trial court was correct in refusing to give them credit for time served as applied to the sentence imposed on the escape charge itself." *Danforth v State,* 316 So.2d 304 (Fla. 1st DCA 1975). See also *Adams v Wainwright, supra.*

Thus, in the instant case, the Defendant should not have received the 157 days of credit because they would be credited to his original prison sentence. Under the authority of *Carson v State*, 489 So.2d 1236 (Fla. 2d DCA 1986), this Court may correct Defendant's sentence accordingly.

Therefore, in view of the above findings, it is hereby

ORDERED AND ADJUDGED:

That the Defendant's Motion For Jail Time Credit is denied as to the additional 193 days sought; and the sentence is hereby corrected to reflect a total credit of 68 days instead of the 157 days given previously in error.

DONE AND ORDERED in Chambers at Bunnell, Flagler County, Florida, this 31st day of January, 1990.