PER CURIAM.
Luis Pacheco appeals the summary denial of his “motion for jail time credit.” We affirm in part and reverse in part.
*833 In 1984 Pacheco was sentenced to fifteen years in prison. At that time he was awarded credit against the sentence for 950 days served in jail. The motion demands credit for 1222 days, relying partly upon the supreme court’s decision in State v. Green, 547 So.2d 925 (Fla.1989). The trial court entered an order stating that Pacheco was entitled to, and received, credit for 850 days.
We reiterate that a defendant seeking correction of a sentence bears the burden of demonstrating why the sentence requires correction. Wilson v. State, 531 So.2d 1012 (Fla. 2d DCA 1988). Pacheco’s motion does not provide a sufficient factual basis for his claim to 1222 days’ credit. While he does indicate that he was incarcerated in county jails “from April 1, 1981, to September 26, 1983, and from January 20, 1984, to November 27, 1984,” it appears some of this time was spent in Dade County and involved a “Dade County case.” While Pacheco might be entitled to credit for time served in one jurisdiction while being held for another; Radley v. State, 372 So.2d 1179 (Fla. 2d DCA 1979); he would not be entitled to credit for jail time attributable solely to an unrelated foreign charge. See, e.g., Monroe v. State, 533 So.2d 331 (Fla. 1st DCA 1988); Sims v. State, 441 So.2d 187 (Fla. 5th DCA 1983).
To the extent Pacheco seeks credit for gain time, he asserts only that the present sentence was “imposed after revocation of probation which was part of [a] probationary split sentence.” Neither specific dates nor a precise amount of gain time is provided. Furthermore, the judgment and sentence attached to the trial court’s order suggest that, in fact, the original incarceration was for one count of a two-count information, followed by probation for the second count. Under these circumstances Green would not entitle Pacheco to credit for gain time because none was awarded with respect to the second offense. Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990).
We do remand for correction of an apparent typographical error. We find no basis in the record for the 850-day figure specified in the order under review, and the documents attached to the order confirm Pacheco’s assertion that he was credited for 950 days. We also note that the order indicates Pacheco’s motion was “granted” despite the fact the court refused to award him additional credit-time.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and LEHAN and ALTENBERND, JJ., concur.