627 So.2d 20 (1993)
Fidel A. PRIETO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02117.
District Court of Appeal of Florida, Second District.
October 15, 1993.
Rehearing Denied November 12, 1993.
*21 Fidel A. Prieto, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Fidel Prieto appeals the summary denial of his motion to correct sentence. We affirm.
The motion raises numerous grievances. Regrettably, it is not worded clearly enough to give this court a complete understanding of what took place at the time of sentencing.[1] For example, at one point Prieto describes his sentence as a guideline departure, albeit one entered without written reasons justifying the departure. A reference to Williams v. State, 500 So.2d 501 (Fla. 1986), suggests the sentence may have been the result of a plea agreement. Other portions of the motion, however, indicate Prieto was to have received a guideline sentence, but that the scoresheet was hopelessly miscalculated.
The state concedes that the exhibits attached to the trial court's order do not conclusively demonstrate the legality of Prieto's sentence. Notwithstanding this concession, we are unable to discern any specific error appropriate for postconviction review. Accordingly, the presence or absence of corroborating exhibits is immaterial.
First, if this was a deliberate departure sentence, the motion was properly denied. "[A] contemporaneous objection is not essential to an appeal from a trial court's failure to embody the reasons for departure in writing, but that issue ... must be raised on [plenary] appeal and not through a [motion for postconviction relief]." Rowe v. State, 496 So.2d 857, 858 (Fla. 2d DCA 1986).
Second, if Prieto agreed to the length of the sentence, it would not require correction notwithstanding the fact it was outside guidelines. Williams, cited in Prieto's motion, *22 does not require a contrary result. In Williams (a direct appeal, not a postconviction action) the defendant had been improperly required to submit to "conditions imposed by the trial court as a prerequisite to the court's compliance with the sentencing guidelines law." 500 So.2d at 502. There was no quid pro quo as occurs in the standard plea bargain. See, e.g., Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987).
Finally, if the sentence was meant to be consistent with guidelines, the complaints now urged by Prieto involve factual disputes such as the extent of his prior criminal history. "Such issues may not be raised for the first time on appeal and are not appropriate for consideration under Florida Rule of Criminal Procedure 3.800(a)." Huffman v. State, 611 So.2d 2, 4 (Fla. 2d DCA 1992), rev. denied, 620 So.2d 761 (Fla. 1993). We are unable to conclude, as Prieto appears to argue, that the sentencing court improperly relied upon Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987) when scoring as "prior record" what should have been "additional offenses at conviction." In short, the scoresheet is not, on its face, readily discernible as incorrect. See generally Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987).
Affirmed.
SCHOONOVER, A.C.J., and THREADGILL and PARKER, JJ., concur.
NOTES
[1] We take this opportunity, once again, "to emphasize that one seeking to `correct' a sentence bears the burden of demonstrating why that sentence requires such correction." Wilson v. State, 531 So.2d 1012 (Fla. 2d DCA 1988). While we do not subject prisoners' pleadings to the same standards that apply to those filed by trained attorneys, we cannot grant relief when we must guess about the reasons such relief is demanded.