**Jeffrey THACKER, Petitioner,**

v.

**Harry SINGLETARY, Jr., Secretary, Florida Department of Corrections, Respondent.**

No. 97–6450–CIV.

United States District Court, S.D. Florida.

Sept. 19, 2000.

withhold the account receivables as payment      for Southern's claims.

Roderick Darrell Vereen, Vereen & Pena, Miami, FL, Bernard F. Daley, Jr., Daley & Associates, Tallahassee, FL, for Jeffery Thacker, plaintiff.

Jeanine Marie Germanowicz, Florida Attorney General's Office, West Palm Beach, FL, for Secretary for Department of Corrections, and Attorney General, defendants.

## ORDER

FERGUSON, District Judge.

**THIS CAUSE** is before the Court on the petitioner's Writ of *Habeas Corpus* [D.E.I].

### Issues

The substantive question presented is whether this federal district court, on a petition for *habeas corpus* to set aside an unlawful sentence based on a prior illegal conviction used to enhance a sentence, should honor a decision of the state's highest court which subsequently declared the activities of local police officers which led to the petitioner's convictions a violation of state constitutional rights. A threshold procedural question is whether the collateral attack is barred where the initial *ha-*

*beas corpus* petitions, which preceded the high court pronouncement, were challenges to the convictions rather than the sentence.

## Substantive Facts

Jeffrey Thacker ("Thacker"), a crack cocaine addict, was arrested by city and county police officers on February 21, 1990, and again on April 13, 1990, in two separate reverse sting operations. On both occasions Thacker purchased crack cocaine from undercover agents posing as dealers and was charged with possession of a controlled substance in violation of Florida Statutes. The crack cocaine used in these anti-drug operations had been manufactured by the Broward Sheriff's Office. On November 30, 1990, Thacker was sentenced in the two cases to four years imprisonment followed by a period of four years probation, to be served concurrently. He did not appeal either judgment and it appears that he served the sentences.

In September 1993 the Florida Supreme Court decided the case of *State v. Williams*, 623 So.2d 462 (Fla.1993) holding that the manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation constitutes misconduct which violates the due process clause of the Florida Constitution. The court found it outrageous that the highly addictive and dangerous substance was manufactured and sold by the police, sometimes lost and that one of the sting operations occurred within one thousand feet of a high school.

On January 13, 1994, in a third and different state case, the petitioner entered a plea of guilty to one count of burglary and one count of grand theft in the third degree. On the burglary count he was sentenced to fifteen years in prison; on the grand theft charge he was sentenced to one year in prison, to run consecutive to the sentence imposed for burglary, followed by a year of probation. The two 1990 sentences for possession of crack cocaine were used to greatly enhance the burglary and grand theft state sentences. Thacker did not take a direct appeal.

## Procedural History

On November 5, 1995, Thacker filed a motion for post-conviction relief of his 1994 sentences pursuant to Fla.R.Crim.P. 3.850 seeking to vacate the two 1990 convictions based on *State v. Williams*. The trial court denied his motion on the ground that he was no longer in custody for the 1990 convictions.

A month later, on December 12, 1995, Thacker filed an amended 3.850 motion for post-conviction relief arguing that he was attacking the use of the two 1990 state convictions to enhance his sentence for the burglary and grand theft convictions. The grounds for relief were still that the convictions were unlawful under state law because of gross misconduct by the police in manufacturing and selling the cocaine. On January 25, 1996, the trial court denied the amended motion because it was unsigned, not under oath and time barred.

Thacker appealed the decision to the Fourth District Court of Appeal. In his brief on appeal he conceded that the amended motion was neither signed nor sworn to but asked that it be accepted as timely filed or deemed to be a motion to correct an illegal sentence pursuant to Fla. R.Crim.P. 3.800(a) which does not have a time limit for requesting relief. On May 8, 1996, the appellate court affirmed the trial court's decision without an opinion.

In September 1996 Thacker filed a *pro se* motion to correct illegal sentence in the

burglary state case pursuant to Fla. R.Crim.P. 3.800(a). He argued that his sentencing score sheet contained incorrect computations and also that his two prior convictions were obtained in violation of *Williams*. The trial court, on January 9, 1997, denied the motion explaining that the computations on the score sheet were correct and that the argument based on *Williams* was procedurally barred as an abuse of process because it had been resolved against him on a prior post-conviction motion. On February 12, 1997, the Fourth District Court of Appeal affirmed, again without opinion, the trial court's order denying the petitioner's *pro se* motion to correct an illegal sentence.

Having exhausted his state court remedies Thacker filed this federal petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The respondent does not dispute that the petition was timely filed but contends that it should be dismissed as a result of Thacker's procedural default.

## Discussion

*Substantive Issue*

Due process of law is a summarized constitutional guarantee of respect for the personal rights which are so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Washington v. Glucksberg*, 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). It is a general principle of law that prohibits the government from obtaining convictions brought about by methods that offend a sense of justice. *Williams*, 623 So.2d at 465. The Florida Supreme Court relied heavily on decisions of the United States Supreme Court in reaching its conclusion that the government had committed crimes in order to secure convictions and that the only appropriate remedy to deter such outrageous law enforcement conduct was to bar the defendant's prosecution.

An argument of the government in opposition to the petition for *habeas corpus* relief is that the federal standard far relief for an alleged due process violation would be higher than the state standard even though that higher federal standard, if there is one, is not articulated. There is some non-universal support for the position. In *United States v. Kelly*, 707 F.2d 1460, 1476 (D.C.Cir.), *cert. denied.* 464 U.S. 908, 104 S.Ct. 264, 78 L.Ed.2d 247 (1983), the court wrote "it appears from High Court decisions" that nothing short of infliction of pain or physical or psychological coercion transgresses the fundamental fairness guarantee.[1] The Florida Supreme Court acknowledged the existence of the authority. *Williams*, 623 So.2d at 464 n. 3, but again, as it had done nine years earlier, rejected that federal court's narrow application of the federal due process clause.

█ The question for this court, as stated in the opening paragraph, is whether it is obligated to reject a due process standard pronounced by the state's highest court applied to bar a state prosecution, in favor of a more rigid federal standard where the police conduct identified in the federal *habeas corpus* is the same conduct which would have barred a prosecution in the state court. If the answer is yes then

---

1. The Kelly court announced its standard in the highly political case with reservation noting that "[w]ithout further Supreme Court elaboration, we have no guide to a more dynamic definition of the outrageousness concept...." *Kelly*, 707 F.2d at 1476. Nevertheless it recognized other cases which had reached a different conclusion. *Id.* at 1476, n. 13.

the federal standard must be examined to decide whether it would yield a different outcome. If the answer is no the substantive question is disposed of and the focus shifts to the procedural question. The issue has not been presented to the appellate court but it seems unlikely that the Circuit Court would reject the view of the Florida Supreme Court finding specific conduct of state actors fundamentally unfair. It is expected that a state High Court due process standard should apply where the same conduct of police officers already assessed for constitutionality is the subject in a federal *habeas corpus* proceeding.

*Procedural Issues*

The only questions remaining are (1) whether the Court may reach the merits of Thacker's 3.800(a) motion where the claim, allegedly, has been procedurally defaulted, or (2) whether, in any event, a procedural time bar will apply to bar attack on an illegal sentence.

■ Federal courts are precluded from addressing claims that have been held procedurally defaulted under state law. *Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Where a petitioner fails to comply with state procedural requirements, he is barred from federal *habeas corpus* relief unless he can make both a showing of cause for the procedural default and actual prejudice suffered as a result of his error. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ The "plain statement" rule applies to federal *habeas corpus* proceedings, and thus procedural default will not bar consideration of a federal claim on either direct or *habeas* review unless the last state court rendering judgment in the case clearly and expressly states that the judgment rests on state procedural bar. *Harris v. Reed*, 489 U.S. 255, 256, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) the court ruled that where there had been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment would be presumed to rest upon the same grounds.

On February 12, 1997, the Fourth District Court of Appeal affirmed, without opinion, the trial court's order denying Thacker's *pro se* motion to correct an illegal sentence pursuant to Fla.R.Crim.P. 3.800(a). The state court reasoned that the motion was procedurally barred as an abuse of process because it had been resolved against Thacker in a prior postconviction motion. A close review of the procedural history in this case reveals that the prior motions resolved against Thacker were motions to vacate, set aside or correct sentence pursuant to Fla.R.Crim.P. 3.850 and not motions to correct an illegal sentence pursuant to Fla.R.Crim.P. 3.800(a). In fact when Thacker appealed the denial of his December 12, 1995, amended motion the appellate court could have, as he requested, treated it as a motion to correct an illegal sentence. *Hidalgo v. State*, 729 So.2d 984 (Fla. 3d DCA 1999).

■ None of the state courts' reasoned judgments applied to a 3.800(a) motion. Further, when the appellate court had an opportunity to treat it as such it only affirmed the trial court's decision with an unexplained order. Thacker's 3.800(a) motion has not been held procedurally defaulted by the state court, therefore, this Court is not precluded from addressing

the federal *habeas* claim. Indeed a motion to correct an illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), the state counterpart to Fed.R.Crim.P. 35(a)(2), is one that may be raised at any time. *Skidmore v. State*, 688 So.2d 1014 (Fla. 3d DCA 1997). The rule allowing an unlimited period in which to address an "illegal" sentence is generally reserved for issues that can be resolved as a matter of law and without an evidentiary determination. *Callaway v. State*, 642 So.2d 636, 639 (Fla. 2d DCA 1994) *rev granted, State v. Callaway*, 652 So.2d 818, *approved* 658 So.2d 983 (1995).

An illegal sentence is one which exceeds the statutory maximum without regard for the sentencing guidelines. *Chesson v. State*, 729 So.2d 974, 975 (Fla. 3d DCA 1999). However, it is recognized that a sentence within the statutory maximum may be an illegal one where the sentence was meant to be consistent with the guidelines and involves no factual disputes such as the defendant's criminal history. *See Prieto v. State*, 627 So.2d 20 (Fla. 2d DCA 1993). Because the 1990 convictions were constitutionally void there is no factual dispute that Thacker's criminal history, for sentencing purposes, was overstated. He is entitled to a re-sentencing which excludes the two 1990 convictions as factors. Accordingly, it is

**ORDERED AND ADJUDGED** that the *habeas corpus* relief is **GRANTED**. The Cause is **REMANDED** for correction of the illegal sentence. This Order will not become final until there has been a disposition of a motion for reconsideration or the period for filing such motion has expired.