PER CURIAM.
Appellant, Terry Weaver, raises two points in this appeal from a judgment and sentence imposed for a new substantive offense committed while Weaver was on *1241 parole. We affirm the first point without discussion.
In the second point, Weaver argues that the trial court should have given him credit for the 374 days he served in jail prior to sentencing. The court denied this credit because it imposed a 15-year sentence “consecutive to the parole sentence,” which was still pending. Although Weaver is not entitled to multiple credit, he is entitled to this credit if he has not already received it otherwise. See Garrett v. State, 693 So.2d 114, 115 (Fla. 2d DCA 1997) (“[I]f the Department of Corrections has credited Mr. Garrett for this time on the sentence that he was serving when he escaped, then he is not entitled to a duplicate credit on the consecutive escape sentence.”); Bruner v. State, 398 So.2d 1005, 1005 (Fla. 1st DCA 1981) (“[A] defendant is entitled to jail time credit for the period of time he was held on the charge which prompted the revocation of probation. However, it is well settled that a defendant, being held on numerous charges, is not entitled to a multiple credit.”); Watson v. State, 340 So.2d 961, 962 (Fla. 2d DCA 1976) (“Expressly, no credit for this time was allowed by the learned trial judge, who stated at appellant’s sentencing that, as a parole violator, appellant was not entitled to credit for time served. The record does not reflect, however, whether this time was otherwise credited to the offense for which he was previously placed on parole. While he is not entitled to a multiple credit, appellant is entitled to credit if he has not already received it otherwise.”). Accordingly, we affirm the conviction appealed from, but we remand with directions that the trial court must determine whether credit was applied to the sentence on the parole violation. See Garrett, 693 So.2d at 115; Bruner, 398 So.2d at 1005; Watson, 340 So.2d at 962. If this credit has not been applied, then it must be applied to the instant sentence. See Garrett, 693 So.2d at 115; Bruner, 398 So.2d at 1005; Watson, 340 So.2d at 962.
AFFIRMED and REMANDED.
WOLF, KAHN and BENTON, JJ., concur.